466 So.2d 29 (1985)
STATE of Louisiana
v.
Robert E. TATUM.
No. 84-KK-1776.
Supreme Court of Louisiana.
April 1, 1985.
*30 Henry Julien, Jr., New Orleans, for defendant-respondent.
Harry F. Connick, Dist. Atty., William Marshall, Asst. Dist. Atty., for plaintiff-relator.
BLANCHE, Justice.
Defendant was charged by bill of information with one count of possession of marijuana, LSA R.S. 40:966, and one count of possession of cocaine, LSA R.S. 40:967. These items were found by a police officer as a result of a routine traffic stop. Defendant initially pled not guilty to both counts. Counsel for defendant filed motions to suppress the marijuana and cocaine alleging the search of defendant's vehicle constituted an unreasonable search and seizure. The trial judge denied the motion to suppress the marijuana and sustained defendant's motion as to the cocaine. Defendant subsequently withdrew his plea of not guilty to the possession of marijuana and entered a plea of guilty as charged. As a result he was sentenced to four months in parish prison. The State's application to the Fourth Circuit for review of the district court's ruling suppressing the cocaine was denied. We granted the State's application for supervisory writs to consider the correctness of the decision by the court below. 460 So.2d 595. We reverse. The possession charged against defendant arose out of his early morning stop by New Orleans City Police after a high speed chase on Highway 90. As Officer Amos approached the vehicle he observed defendant lean forward "as if to place something under the seat or retrieve something from underneath the seat." The patrolmen then ordered defendant out of the vehicle and simultaneously observed a gun and a plastic bag of marijuana in full view on the front seat. Defendant was then handcuffed and placed under arrest as he stood outside the vehicle. Officer Amos testified that he "felt there might be other guns or controlled dangerous substances where the defendant bent down." He therefore immediately searched under the front seat and discovered an opened leather pouch containing several packets of cocaine.
The State claims that the lower courts erred in suppressing the cocaine because the police officers were entitled to search the vehicle immediately after, and incident to, defendant's arrest. The State also contends the police had probable cause to search the entire automobile after finding the gun and the marijuana on the front seat.
It is not questioned that the defendant was the subject of a lawful stop and subsequent custodial arrest on a charge of possessing marijuana.
At issue is the legality of the subsequent search by the police under defendant's front seat which revealed an opened leather pouch containing cocaine. This occurred after defendant had been arrested and handcuffed outside the car.
The Fourth Amendment to the United States Constitution[1] and Article 1, § 5 of the Louisiana Constitution of 1974[2] *31 prohibit unreasonable searches and seizures. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Lain, 347 So.2d 167 (La.1977). The State bears the burden of proving that one of these exceptions applies. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Blanchard, 374 So.2d 1248 (La.1979); State v. Adams, 355 So.2d 917 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
There are two widely recognized exceptions to the warrant requirement involving searches of automobiles. One is known as the "automobile exception" and is based on probable cause and exigent circumstances; the other is the search as an incident of a lawful arrest. If there was probable cause to search under the seat for either drugs or a weapon, we find it unnecessary to make a determination of whether the search was also valid as an incident of a lawful arrest.[3]
The "automobile exception" has recently been upheld in U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). There, the U.S. Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle as thoroughly as a magistrate could authorize. The scope of the warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted, but rather, is defined by the object of the search and the places in which there is probable cause to believe it may be found. U.S. v. Ross, supra.
Applying these principles to the instant case, we find that the search revealing the leather pouch was legally supported by the probable cause the officer had suggesting there might be other weapons or drugs under the seat. Not only had the officer found a gun and marijuana in plain view on the seat, but he had also observed the defendant reaching down as if to retrieve or store an object beneath him.
For constitutional purposes, there is no difference between on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Carrol v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Ross, supra; State v. Chaney, 423 So.2d 1092 (La.1983).
Furthermore, prior Louisiana jurisprudence has held that a search warrant is not necessary where there is probable cause to search an automobile for contraband or evidence of a crime and there are exigent circumstances requiring an immediate search. State v. Chaney, supra; State v. Guzman, 362 So.2d 744 (La.1978).
Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car *32 could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when "the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." State v. Chaney, supra.
Applying this test to the instant set of facts, the search was constitutional. The vehicle was parked on a public highway accessible to anyone who might have a reason to move it or remove evidence from within. State v. Redfearn, 441 So.2d 200 (La.1983); State v. Edsall, 385 So.2d 207 (La.1980). This test neatly fits the one set forth in Ross, supra. The rationale behind that case drew strongly from Carroll v. United States, supra, which held that only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search.
For these reasons, we conclude that the lower courts erred in granting the motion to suppress the cocaine.

DECREE
For the above and foregoing reasons, the ruling of the lower courts granting the motion to suppress is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Amendment IV

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] Art. 1, § 5, Right to Privacy

Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
[3] For support of the search as an incident of a lawful arrest, the state relies on New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) and police testimony that when the defendant was stopped, the officers observed him bend down as though to place something under the seat.

On the other hand, the defendant argues that the rationale which enabled the officer to conduct a warrantless search of the vehicle in Belton [to protect the evidence and deny the defendant access to a weapon] is not present in this case because the defendant was handcuffed and isolated from the automobile by the two policemen.