KLEES, Judge.
We grant certiorari on the state’s application seeking a reversal of the trial court’s judgment granting a motion to suppress evidence. We have considered the applica *388 tion including the transcript of testimony at the hearing on the motion and defendant’s response. For the reasons expressed below we reverse the ruling of the trial court.
FACTS:
At approximately 8:30 p.m. on December 7, 1987, Deputy Lott of the Plaquemines Parish Sheriff’s Office stopped a car speeding on Highway 23. As the officer approached the car, he observed a passenger sitting in the backseat with a handrolled, partially-burned cigarette tucked behind his ear. At that moment, Dep. Boudreaux arrived on the scene and also observed the handrolled cigarette. When Dep. Bou-dreaux started talking to this passenger, the passenger removed the cigarette from behind his ear and ate it. Dep. Boudreaux also observed two partially-burned, hand-rolled cigarettes lying in an open ashtray in the backseat of the car. The deputies ordered the occupants out of the car and conducted a search of the car, finding a bag containing red pills later identified as oxycodone and what appeared to be marijuana seeds in the glove compartment. The deputies arrested the driver of the car, the defendant Virgil Duncan.
Pursuant to the defendant’s motion to suppress the evidence, the trial court suppressed only the pills and seeds found in the glove compartment. The court refused to suppress the two partially-burned, hand-rolled cigarettes found in the ashtray in the backseat of the car.
A warrantless search and seizure is presumed to be unreasonable unless it is justified by one of the narrow exceptions of the warrant requirement. One such exception is the “exigent circumstances/automobile” exception. See U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); State v. Tatum, 466 So. 2d 29 (La. 1985); State v. LeCompte, 441 So. 2d 249 (La.App. 4th Cir.1983), writ den. 446 So. 2d 314 (1984). In Tatum, the Court held that police officers, who have probable cause to believe that a car they have lawfully stopped contains contraband, may conduct as thorough a warrantless search as a magistrate could authorize. The Court reasoned:
For constitutional purposes, there is no difference between on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Ross, supra; State v. Chaney, 423 So. 2d 1092 (La. 1983)
Furthermore, prior Louisiana judispru-dence has held that a search warrant is not necessary where there is probable cause to search an automobile for contraband or evidence of a crime and there are exigent circumstances requiring an immediate search. State v. Chaney, supra; State v. Guzman, 362 So. 2d 744 (La. 1978).
Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when “the car is movable, the occupants are alerted, and the car’s contents may never be found again if a warrant must be obtained.” State v. Chaney, supra. Tatum at 31-32.
Here, one of the deputies originally stopped the car because it was speeding. Once the car was stopped, the deputies observed a handrolled, partially-burned cigarette tucked behind the ear of one of the passengers. The passenger ate the cigarette when one of the deputies began talking to him. That deputy also observed two more handrolled, partially-burned cigarettes lying in an ashtray in plain view. As such, we conclude that the deputies had probable cause to believe that the car contained other contraband. We also conclude that the “exigent circumstances” for a war- *389 rantless search were present in that the car was stopped on a highway, and it could have easily been moved by one of the passengers, neither of whom were arrested. Indeed, the defendant turned custody of the car over to one of the passengers when he was arrested and transported from the scene. We find that the “exigent circumstances” exception to the warrant requirement applies to the seizure of the drugs from the glove compartment of the car and accordingly that portion of the ruling of the trial court on March 3, 1988 granting the Motion to Suppress is hereby reversed. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.