SCHOTT, Chief Judge.
This case is before the court on defendant’s application for post-conviction relief. He claims that the trial court erred in denying his pretrial motion to suppress evidence used against him at trial and that his sentence is excessive.
On June 19, 1984 defendant was tried and convicted on two counts of armed robbery and sentenced to fifty years at hard labor. He appealed his conviction and his appointed counsel assigned no errors and requested only a review of the record for errors patent. This court affirmed his conviction and sentence in an unpublished opinion on July 9, 1985.
Before addressing the defendant’s present claims we are able to provide a summary of the facts behind his conviction from the transcript of the trial which we retrieved from our records depository at the LSU Law Library. On May 17, 1983 in the early morning hours Patricia T. was using a public telephone on a New Orleans corner close to her home when a man drove up in an automobile, got out and held a knife on her, made her get into his car, and drove her to a public school where he robbed her of jewelry and a portable radio. While he was driving her he threatened her and demanded sexual activities of her. He left her after a policeman came on the scene and he was able to convince the policeman despite her protestations that the victim was his wife and they were having a domestic squabble. She got the man’s vehicle registration number before he drove off, she took a cab home, and she called the police to report the incident.
In the meantime, not far away, Mary B. was walking home when she was stopped by a man in a car asking for directions. He got out of the car, threatened her with a crowbar, and made her get into the car. He brought her to the same school where Patricia T. had been taken and robbed her of her purse and jewelry. He left and she called the police.
About two weeks later, the police, having learned the robber’s identification from the vehicle registration number, prepared a photographic lineup and presented it separately to the two victims who both identified the defendant as the robber.
Subsequently, the police produced a purse and contents which Mary B. identified as hers. At the trial Patricia T. identified the defendant as the robber but Mary B. could not. The admissibility of the purse and contents is the focal point of the present inquiry.
We have reviewed the transcript of the hearing on the motion to suppress held on July 18, 1983. On June 1, 1983 the police obtained an arrest warrant for the defendant and proceeded to his address. As they neared the house they saw the defendant getting something from the trunk of his car which was parked across the street from his house. They stopped and arrested him. At this time his parents came out of the house and according to the police they asked the parents for permission to search defendant’s car so as to avoid impounding it and they agreed. According to the parents, no such conversation took place. In any event, the police searched the car and found Mary B.’s purse, her driver’s license and sunglasses, and some jewelry. Defendant contends that the warrantless search of his automobile violated his constitutional rights and the evidence was subject to the exclusionary rule. The state contends that the search was authorized by the consent of defendant’s parents.
We are satisfied that the search was justified by the “automobile exception” based on probable cause and exigent circumstances as discussed in State v. Tatum, 466 So.2d 29 (La.1985). Based on the facts *1140 which led up to defendant’s arrest the police had good reason to search his car which was his base of operations and an integral part of his method of perpetrating the armed robberies for which he was arrested. Surely the magistrate who issued the arrest warrant would have issued a warrant to search the car had the police applied for one, because there was probable cause for the search.
Obviously there were exigent circumstances justifying the search. The car was on a public street across from the house where defendant and his parents lived. If the police left, the parents would have the opportunity to cleanse their son’s automobile of incriminating evidence. As in Tatum, this was a situation where the car’s contents might never be found if a warrant had to be obtained.
Accordingly, the trial court correctly denied defendant’s motion to. suppress and this claim for post conviction relief is denied.
As to the sentence we do not reach the question of its excessiveness because it is in illegal form necessitating resentenc-ing. After defendant was convicted of the two counts of armed robbery the trial court imposed a blanket sentence of fifty years. This was not apportioned between the two counts and it was not said whether the sentences were to be consecutive or concurrent.
Accordingly, defendant’s application for post conviction relief is denied, but the case is remanded to the trial court for resen-tencing in accordance with law.
APPLICATION DENIED.
REMANDED FOR'RESENTENCING.