BARRY, Judge.
On December 19, 1991 the defendant was charged with distribution of marijuana. His motion to suppress the evidence was denied, but on a motion to reconsider the motion was granted. The trial court found no probable cause- to arrest, thus the search of the house was tainted by the illegal arrest. The State filed for review.
On November 13, 1991 Sgt. Gaudet received information from a Harahan police officer that a confidential informant said the defendant was selling marijuana from his house on Cortez Street. The confidential informant claimed that he purchased marijuana from the defendant in the past. He described two cars which allegedly belonged to the defendant, and a surveillance of the defendant’s home corroborated that the described cars were in the driveway.
The officers arranged for the confidential informant to make a controlled purchased from the defendant. The Harahan officer (who did not testify at the hearing) gave the confidential informant $400 in marked bills and a meeting was set up with the defendant. The two met in the parking lot of a grocery store and the confidential informant allegedly gave the defendant the money. (Neither of the officers who testified witnessed this alleged transaction, and, in fact, it is unclear whether the Hara-han officer witnessed the alleged transaction). The defendant allegedly told the confidential informant he would go to an address on Loyola Street to obtain a scale to weigh the marijuana. The defendant was followed to his house on Cortez Street and then to a residence on Loyola. When he emerged from the residence on Loyola he was carrying a large brown paper bag.
The defendant was stopped, ordered out of the car, and searched. The search revealed $1200 — $400 of which were marked bills from the confidential informant. A scale in a brown bag and a beeper were seized from the rear seat of the car. No marijuana was found.
*1018 The defendant was taken to his home on Cortez Street and the officers, believing that the residence contained contraband, took the defendant’s keys and entered the house to secure it. While waiting for a search warrant, the defendant indicated that he would consent to a search of the house in order to protect his family from arrest. A search of the house revealed three large bags of marijuana, a weapon and a smaller amount of marijuana.
At the hearing, Sgt. Gaudet testified that he stopped the defendant because he believed that the defendant was participating in a sale of marijuana and he thought marijuana might be in the car.
La.C.Cr.P. art. 215.1(A) states:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
“ ‘Reasonable suspicion’ is something less than the probable cause required for arrest.” State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4th Cir.1990).
Here, the defendant was stopped based on information by the confidential informant which was partially corroborated when the defendant went to his residence, then to the residence on Loyola Street where he emerged with a large paper bag. Reasonable suspicion existed to make an investigatory stop of the automobile.
Under the “automobile exception” to the general rule requiring a warrant to search an automobile, if an officer has probable cause to believe that the automobile contains contraband, the officer may conduct a warrantless search of the vehicle, including containers in the vehicle which may hold contraband. State v. Tatum, 466 So.2d 29, 31 (La.1985). See also, California v. Acevedo, - U.S. -, -, 111 S.Ct. 1982, 1989, 114 L.Ed.2d 619 (1991). Thus, the seizure of the beeper and the scale from the automobile was proper.
La.C.Cr.P. art. 215.1(B) states:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such a person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
Assuming that the officers felt they were in danger, the search of the defendant exceeded the scope of a pat-down search, because the officers searched the defendant’s person thoroughly enough to locate money and then examined the money and determined that the bills were marked. A warrantless search of the defendant’s garments must be limited to that which is necessary for the discovery of weapons. See, State v. Ruffin, 448 So.2d 1274 (La.1984).
In order for the warrantless search of the defendant and the subsequent seizure of the marked money to be valid, the search would have to be incident to a lawful arrest. Thus, the officers needed probable cause to arrest disregarding the possibility that the defendant possessed marked bills.
Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a crime.
State v. Wilson, 467 So.2d 503, 517 (La.1985), cert. denied, Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985).
The State contends that probable cause to arrest existed because the defendant was in the process of committing the crime of attempted distribution of marijuana.
An attempt occurs when:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object....
*1019 B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; ...
La.R.S. 14:27.
At the time of arrest, the officers only had information from an untested confidential informant that he had given money to the defendant for the purchase of marijuana and that the defendant would get a scale at an address on Loyola. The defendant went to the address, emerged carrying a bag and was stopped. A beeper and a scale were seized. (The money may not be used to establish probable cause).
We find those acts insufficient to conclude that they were in furtherance of a sale of marijuana, and the actions of the defendant constituted “mere preparation.” The lack of information as to the reliability of the confidential informant and the fact that the officers neither witnessed nor taped the alleged meeting between the confidential informant and the defendant compounds our conclusion as to the legality of the arrest and search.
We agree with the trial judge that there was no probable cause to arrest, thus the seizure of marked bills was properly suppressed. The seizure of the beeper and the scale was proper under the “automobile exception” to the warrant requirement. We also agree that the search of the defendant’s residence and the seizure of the marijuana and the weapon were properly suppressed as fruits of the illegal arrest.
WRIT DENIED IN PART; GRANTED IN PART.
WARD, J., concurs.