617 So.2d 956 (1993)
STATE of Louisiana
v.
Sedrick THOMPSON.
No. 93-K-0206.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1993.
Writ Denied June 25, 1993.
Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for relator.
*957 Frank Larré, New Orleans, LA, for respondent.
Before BARRY, WARD and ARMSTRONG, JJ.
PER CURIAM.
On September 21, 1992, the defendant was charged with possession of at least twenty-eight but less than 200 grams of cocaine. He was arraigned on September 25th and pled not guilty. On January 12, 1993, his motion to suppress the evidence was granted. The State now comes before this court seeking relief from this ruling.
The record reflects that at approximately 12:35 a.m. on August 8, 1992, police officers were on routine patrol near the Melpomene Housing Project. As they neared a parking lot in the project, located near the corner of Freret and Clio Streets, they noticed a car parked in the lot. The car was running and its parking lights were on. Seated inside the car were two people. The officers decided to investigate the car because cars were seldom parked in that lot due to its isolated and dark location, and many times stolen car were taken there to be stripped. Because the car had been backed into the lot, the officers were unable to see the car's license plate to determine whether it was a stolen car.
As the officers walked toward the car, they saw the driver reach down toward the floorboard of the car. One officer walked up to the car, shined his flashlight inside, and saw a box of bullets lying at the driver's feet. The officers asked the driver and his female companion to leave the car, and as the driver exited, the officer noticed a plastic bag, containing what appeared to be cocaine, sticking out from under the seat. The officers placed the driver (the defendant) and his companion under arrest. They then had the car towed to the auto pound, where it was inspected by a narcotics detection dog. After sniffing the bag sticking out from under the seat, the dog indicated that the bag contained a controlled dangerous substance.
The trial court granted the motion to suppress the evidence because it found that the officers did not have reasonable suspicion to approach the car nor probable cause to arrest the defendant when they ordered him out of the car. With respect to their approach of the car, the authorization for a temporary stop by a police officer of a person in a public place is set forth in C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Leroy Carey, 609 So.2d 897 (La. 4th Cir.1992); State v. Guy, 575 So.2d 429 (La.App. 4th Cir.1991), writ den. 578 So.2d 930 (1991); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990); State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986), writ den. 488 So.2d 197 (1986). As this court noted in Johnson:
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, supra. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, at 1033. See also Carey; Guy.
Here, at approximately 12:30 a.m. the officers observed a car parked in a lot in the project which was generally abandoned because it was so dark and because it was often used to store stolen cars while they were being stripped. The car was running and had its parking lights on. The officers could see two people sitting inside the car. They could not, however, see the license plate because the car had been backed into the lot. Suspecting that the car might have been stolen, given the time of night and its location, the officers approached the car. At the officers approached, they saw *958 the driver reach down to the floorboard of the car. The officer on the driver's side shone his flashlight into the car and saw a box of bullets.
Given the totality of these factors, it appears that the officers had reasonable suspicion to approach the vehicle. When the officer saw the defendant reach down to the floorboard area, the officer shined his flashlight into that area of the car. Given the circumstances and the defendant's actions, the officer would have been justified in shining his light into the car. The mere shining of the flashlight would not have violated the defendant's rights. In State v. Gervais, 546 So.2d 215, 219 (La.App. 4th Cir.1989), this court stated: "Whatever is discovered by shining a flashlight into a vehicle at night is considered to be in plain view. State v. Edsall, 385 So.2d 207 (La.1980)." See also State v. Williams, 588 So.2d 1239 (La.App. 1st Cir. 1991), writ den. 592 So.2d 1333 (1992), and State v. Wright, 562 So.2d 1192 (La.App. 5th Cir.1990), where both courts found that the mere illumination of a car's interior with a flashlight violated no rights of a defendant.
When the officer shined his light inside the car, he saw a box of bullets lying on the floorboard. At that point, the officers ordered the defendant and his companion out of the car. The trial court found that the officers erred by doing so because at that point they had no probable cause to arrest the defendant or his companion. The court noted that it was not against the law to have a box of bullets in a car. However, the suspects were not removed from the car at that point to arrest them for the possession of the box of bullets. Rather, they were removed from the car because the officers feared that the defendant might also have a gun in the car. Given the time and place of the detention, the defendant's actions in reaching for the floorboard area as the officers approached, and the officer's discovery of the box of bullets, it does not appear that the officers were unjustified in their fear for their safety. As such, the officers could lawfully order the defendant and his companion from the car. See State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986).
As the defendant was exiting, one of the officers noticed a plastic bag, containing a white substance which resembled cocaine, partially showing from under the seat. This bag can be seen to have been discovered pursuant to the plain view exception to the warrant requirement. For evidence to be seized under this exception, "(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparently without close inspection that the items are evidence or contraband." State v. Hernandez, 410 So.2d 1381, 1383 (La.1982). See also State v. Taylor, 531 So.2d 1137 (La.App. 4th Cir.1988). In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found "inadvertently" in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.[1]
Here, the officers were justified in approaching the car and asking the defendant and his companion to step out of the car. As the defendant exited, one officer saw the bag, which he believed contained cocaine, partially extending out from under the seat. Given these factors, the discovery of the cocaine was lawful.
In his response, the defendant argues that the cocaine could not have been seized pursuant to the plain view exception because *959 it was apparent that the officers could not tell that the bag contained cocaine. He submits that this is evidenced by the officers' actions in impounding the car, taking it to the auto pound, and having a narcotics detection dog check the car. The defendant thus argues that the officers did not know that the bag's contents were contraband without further inspection, and thus one of the prongs of the plain view exception were not met.
However, the officer testified that when he saw the bag and its contents he believed that it contained cocaine, and later he testified that he knew from his own observation that it was cocaine before the dog indicated it was. It appears that the officers' decision to impound the car and take it to the auto pound to have the dog investigate it was based not upon their indecision as to whether the bag contained cocaine, but rather it was based upon their perception that it was unwise to remain parked in a dark area in the project while awaiting the arrival of the dog.
Having seen the plastic bag containing the cocaine, the officers had probable cause to believe that the car contained contraband. As such, the officers would have had probable cause to search the car at that location without a warrant. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); State v. Tatum, 466 So.2d 29 (La.1985); State v. LeCompte, 441 So.2d 249 (La.App. 4th Cir. 1983), writ den. 446 So.2d 314 (1984). The officers feared for their safety at that location. Given the circumstances of the case, it does not appear that the officers erred by electing to have the car towed to the auto pound for the search rather than expose themselves to danger.
Given these factors, the trial court erred in granting defendant's motion to suppress the evidence.
For the foregoing reasons, we reverse the judgment of the trial court granting the motion to suppress the evidence.
WRIT GRANTED; REVERSED.
NOTES
[1] Horton concerned guns used in an armed robbery which were discovered during a search of the defendant's house pursuant to a warrant which listed only the stolen property as the items to be seized. The Court held that the guns were lawfully seized pursuant to the plain view exception even though the officers may have suspected the guns could have been found at the defendant's house. The Court reasoned that such seizure did not violate the defendant's privacy rights because the officers already had a justification for searching the defendant's house, and the discovery of the guns was made while the officers were conducting a warrant-backed search.