678 So.2d 577 (1996)
STATE of Louisiana
v.
Kym M. WIMBERLY.
No. 95-KA-1445.
Court of Appeal of Louisiana, Fourth Circuit.
July 24, 1996.
*578 Harry F. Connick, District Attorney for Orleans Parish, Val M. Solino, Assistant District Attorney for Orleans Parish, New Orleans, for Appellee.
Bruce G. Whittaker, New Orleans, for Appellant.
Before BARRY, BYRNES and MURRAY, JJ.
BARRY, Judge.
Defendant was convicted of possession of cocaine (twenty-eight grams or more, but less than two hundred grams, La.R.S. 40:967(F)(a)) and sentenced to ten years at hard labor without benefit of parole. The state filed a motion to correct an illegal sentence and the trial court amended the sentence to impose a $100,000 fine. Defendant appeals the denial of his motion to suppress.

Facts
Detective Charles Little testified that he received a telephone call from a confidential informant with whom he had prior contact. The informant stated that a twenty-five year old black male known as "Kim" was engaged in retail distribution of crack cocaine at 7849 Symmes Avenue, Apt. 2. The informant said "Kim" kept narcotics at that address and delivered drugs to the area around Chef and America. He described "Kim's" automobile as a late model red Toyota with a Texas license plate.
Police established surveillance of the residence. Detective Steve Imbraguglio testified at trial that he saw the defendant arrive in a red Toyota with Texas plates and enter the apartment with a key. Moments later a man arrived in a blue Chevrolet, rang the doorbell, and entered when the defendant answered the door. Within minutes the man exited the apartment carrying a bag, looked around, placed the bag in the trunk of his car, and drove away. Fifteen minutes later the defendant came outside and looked around as if waiting for someone. A man approached on a bicycle and they conversed. The defendant went inside, returned to the man on the bicycle, who rode away.
Several minutes later the defendant left the apartment carrying a white bag, looked around and left in the Toyota. Detective Little and Sergeant Warren Keller followed in an unmarked police car. Defendant stopped in the parking lot of an apartment complex and got out of the car with the white bag in his hand. When the defendant saw Detective Little and Sergeant Keller a panicked expression came over his face. He immediately opened the car door, threw the bag inside the car, and walked away.
Detective Little detained the defendant for questioning and Sergeant Keller looked inside the Toyota. Sergeant Keller testified that he saw the handle of a gun protruding from under the seat and the white bag on the seat. Sergeant Keller opened the bag, which contained cocaine. Sergeant Keller told Detective Little to arrest the defendant. The defendant attempted to flee but was subdued and arrested.
Detective Little obtained a search warrant for 7849 Symmes, Apt. 2. With the aid of a narcotics dog, the police found cocaine in a stereo speaker, vacuum cleaner, and combat boot. They also found a scale, cocaine wrapper, personal papers in defendant's name, and an electric bill in another person's name.
Minnie Bailey testified for the defense and said the defendant did not reside on Symmes. The arrest register shows that at the time of his arrest the defendant said he lived at 4353 America.

Motion to Suppress
The defendant argues there was no probable cause for his arrest and the search incident to that arrest was illegal. He further argues that the search warrant for the apartment was primarily based on the evidence seized from the car and there was no probable cause basis for the warrant. Therefore, he argues that the evidence seized from the apartment should be suppressed.
The defendant's argument assumes that his initial detention by the police was an *579 arrest. The record shows that detention was an investigatory stop rather than an arrest.

Investigatory Stop
The police may stop a person in a public place whom the officer
reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
La.C.Cr.P. art. 215.1. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
An arrest occurs when there is an actual restraint of the person, La.C.Cr.P. art. 201, and the circumstances indicate an intent to effect an extended restraint on the liberty of the accused. State v. Simms, 571 So.2d 145, 148 (La.1990).
The circumstances surrounding the initial stop of the defendant do not show an intent to effect an extended restraint on the defendant. Detective Little momentarily stopped him and asked him to place his hands on the police car. Detective Little and Sergeant Keller did not draw their weapons. Within "seconds," Sergeant Keller discovered the cocaine in the car.
The defendant argues the police did not have sufficient cause to stop him. That argument has no merit.
Reasonable suspicion for a stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights.... Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom.
State v. Johnson, 557 So.2d 1030, 1033 (La. App. 4th Cir.1990).
In State v. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, 1242, writ den. 94-2058 (La. 11/11/94), 644 So.2d 391, a reliable confidential informant reported that a Spanish man named "Raul" obtained cocaine from Florida, stored it at a particular address in New Orleans, and sold it at another address. Police surveillance revealed two men in a car with Florida plates drive to the stated address, take a bag inside, then drive to the second address. The Court held that there was reasonable suspicion for an investigatory stop.
Detective Little received information from a known confidential informant that a man known as "Kim" was distributing cocaine from 7849 Symmes, Apt. 2 and that "Kim" drove a red Toyota with a Texas license. Surveillance showed the defendant arrive at that address in a red Toyota with a Texas license and enter with a key. Police observed behavior that is consistent with drug activity and saw the defendant leave in the Toyota with a white bag. Given those facts, there was reasonable suspicion for an investigatory stop.

Search of Vehicle
The next issue is whether the police were justified in opening the white bag on the car seat. That issue is not specifically addressed by the defendant.
In State v. Tatum, 466 So.2d 29 (La.1985), officers stopped the defendant after a high speed chase. As one of the officers approached the defendant's car he saw the defendant lean forward as if placing something under the seat. The officer ordered the defendant out of the car and saw a gun and marijuana in plain view on the front seat. The officer searched under the front seat and found cocaine. The defendant sought to suppress the cocaine and the Court upheld the search under the automobile/exigent circumstances exception to the warrant requirement.
(A) search warrant is not necessary where there is probable cause to search an automobile for contraband or evidence of a crime and there are exigent circumstances requiring an immediate search....
Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore *580 constitutionally permissible when "the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained."
Id. at 31-32.
Tatum held that the presence of a gun and marijuana and the defendant's reaching forward as if to conceal something gave the police probable cause to believe that there might be other weapons or drugs under the seat.
In State v. Davis, 612 So.2d 256 (La.App. 4th Cir.1992), the defendant was speeding and when he saw the officers he "made a motion like he was putting something under the seat." The police stopped him, and he exited his car and talked with one officer while the other officer searched the defendant's automobile and discovered plastic packets of cocaine and marijuana under the seat. The trial court suppressed the evidence and this Court reversed, holding that the officers could search under the seat for a gun.
Detective Little and Sergeant Keller stopped the defendant based on reasonable suspicion arising from corroboration of the informant's tip. When the defendant saw them, he looked panic stricken, opened the door to the Toyota, threw the bag inside the car, and walked away. While Detective Little detained the defendant, Sergeant Keller saw a gun on the floorboard protruding from under the seat. Based on that information, the police had probable cause to believe that the white bag contained contraband. Under State v. Tatum and State v. Davis, probable cause and exigent circumstances justified the search. The trial court properly denied the motion to suppress.
We distinguish State v. Scull, supra, which held that officers did not have probable cause to search inside the glove compartment of the defendant's car. The officers in Scull did not observe any activity which could have been a drug transaction, and the defendant did not place the object into the glove compartment in response to seeing the police.

Error Patent
The trial court ordered that defendant's ten year sentence be served without benefit of parole. The sentence under La. R.S. 40:967(F) shall be served without benefit of suspension of sentence, probation or parole "prior to serving the minimum sentences as provided by Subsection F." La.R.S. 40:967(G). Because the sentence for possession of twenty-eight grams or more but less than two hundred grams of cocaine is five to thirty years at hard labor, we amend the defendant's sentence to reflect that only five years of his sentence is to be served without benefit of parole.
We affirm the defendant's conviction, and amend his sentence to ten years at hard labor, the first five years without benefit of parole, and a $100,000 fine.
CONVICTION AFFIRMED; SENTENCE AMENDED.