752 So.2d 304 (2000)
STATE of Louisiana
v.
Toby J. BOUDREAUX.
Nos. 98-KA-2306 to 98-KA-2308.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2000.
*305 Phillip E. O'Neill, Gretna, LA, Counsel for Defendant-Appellant.
Richard Ieyoub, Attorney General, Darryl W. Bubrig, Sr., District Attorney, Pointe-A-La-Hache, LA, and Gilbert V. Andry, IV, Assistant District Attorney, New Orleans, LA, Counsel for State-Appellee.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MOON LANDRIEU, Judge DENNIS R. BAGNERIS, Sr.
BYRNES, Judge.
On May 2, 1997, defendant Toby J. Boudreaux was charged in three separate bills of information. In the bill of information bearing case number 97-2074, defendant was charged with possession of drug paraphernalia in violation of La. R.S. 40:1033. In the bill of information bearing case number 97-2075, he was charged with operating a vehicle with an expired inspection certificate in violation of La. R.S. 32:1304 and failing to display a license plate in violation of La. R.S. 47:507; and in bill of information bearing case number 97-2076, he was charged with possession of marijuanathird offense in violation of La. R.S. 40:966(1).
Defendant pled not guilty to all counts at his arraignment on July 7, 1997. A preliminary and suppression hearing was held on September 10, 1997, at which time the trial court found probable cause and denied defendant's motion to suppress evidence. On January 22, 1998, defendant entered pleas of guilty to all counts pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). Defendant waived delays, and the trial court sentenced him on the same day. In case number 97-2074, the trial court sentenced defendant to serve six months in parish prison on his conviction of possession of drug paraphernalia. In case number 97-2075, the trial court sentenced him to serve ninety days in parish prison on his conviction for operating a vehicle with an expired inspection certificate and ninety days in parish prison on his conviction for failing to display a license plate. In case number 97-2076, the trial court sentenced him to serve seven years at hard labor on his conviction for possession of marijuanathird offense. The trial court suspended five years of the sentence and *306 placed defendant on three years active probation. The sentences imposed on defendant in the first two cases, 97-2074 and 97-2075, are to run concurrently with the sentence imposed in the third, 97-2076.
Defendant timely appealed his convictions and sentences, and the three cases have been consolidated for our review. Trial court case number 97-2704 was given appellate docket number 98-KA-2306. Trial court case number 97-2705 was given appellate docket number 98-KA-2307, and trial court case number 97-2706 was given appellate docket number 98-KA-2308. Defendant filed a brief on January 13, 1999, and the State responded on March 5, 1999.

STATEMENT OF FACTS:
At approximately 11:00 p.m. on December 10, 1996, Lt. Anthony LeGreco of the Plaquemines Parish Sheriff's Office was patrolling Louisiana Highway 23 in Belle Chasse. The officer was traveling northbound on Highway 23 when he observed a truck in the left lane with an illegally displayed license plate. The license plate was positioned in the rear window of the truck. The officer then conducted a traffic stop. The driver of the vehicle, defendant Toby Boudreaux, exited the vehicle when the officer asked him to step to the rear of the vehicle.
Officer LeGreco stated that, prior to exiting the vehicle, defendant looked through his rearview mirror and hesitated. When defendant exited the vehicle, the officer noted that he was walking "stiff arm", i.e., with his arms straight down, and his head down. Thinking the defendant may have been armed, the officer conducted a pat down frisk on him. However, the officer did not locate any weapons on the defendant. Defendant gave the officer his driver's license but did not engage the officer in any "small talk" while the officer wrote out the citation. The officer then asked defendant if he had ever been arrested, and defendant stated that he was on probation for possession of marijuana. Officer LeGreco then requested defendant's consent to search the vehicle, but defendant refused the officer's request. The officer then called for a canine unit and, while waiting for the canine unit, conducted a plain view search of the vehicle. The officer noticed the vehicle had an expired brake tag and completed a citation for that violation.
Sgt. Angelica Savistano, a member of the K-9 Division, arrived shortly thereafter with her dog. She had her dog first perform a "free air search," a procedure in which the dog walks around a vehicle and attempts to detect a narcotics odor. The dog made an indication on the lower panel of the driver's side. Sgt. Savistano advised defendant that the dog gave a positive alert and that she would be placing the dog in the vehicle. At that time, the passenger in the vehicle was asked to step out of the vehicle. The dog indicated by the front floorboard by the driver's side and on the top part of the driver's seat. Under the driver's seat, the officer found a clear plastic bag containing marijuana, a hand rolled cigarette and a package of rolling papers. When the officer picked up a camouflage jacket in the vehicle, she observed a package of rolling papers protruding from a pocket.
The defendant and the passenger made no statements regarding the ownership of the jacket. No contraband was found on the defendant.

ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR:
In his sole assignment of error, defendant contends the trial court erred in denying his motion to suppress evidence. The defendant contends that there was no probable cause for a canine search of his vehicle because defendant was not arrested for the traffic violations.
The Fourth Amendment of the federal constitution and Article I, Section 5 of the state constitution prohibit unreasonable *307 searches and seizures. A warrantless search or seizure is unreasonable unless one of the narrow exceptions to the warrant requirement applies. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29 (La.1985). In U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), "the U.S. Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle as thoroughly as a magistrate could authorize." Tatum, 466 So.2d at 31. In Tatum, the Louisiana Supreme Court further said:
For constitutional purposes, there is no difference between on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Ross, supra; State v. Chaney, 423 So.2d 1092 (La.198[2]).
Id. (emphasis added); see also State v. Thompson, 617 So.2d 956, 959 (La.App. 4 Cir.1993), writ denied, 620 So.2d 849 (La. 1993).
In the present case, defendant argues that there was no probable cause to justify the canine search of his vehicle. However, a canine search of an object is not a "search" within the meaning of the Fourth Amendment. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); U.S. v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); cf. Horton v. Goose Creek Ind. Sch. Dist., 690 F.2d 470 (5 Cir.1982), cert. denied, 463 U.S. 1207, 103 S.Ct. 3536, 77 L.Ed.2d 1387, and La. Atty. Gen. Op. No. 97-8, 1997 WL 165489 (a canine sniff of a person may qualify as a "search"). Thus, the "free air search" by the sergeant's dog did not impinge upon defendant's rights. When the dog alerted to the driver's side of the vehicle, the police gained probable cause to believe that defendant's vehicle contained contraband. State v. Meyers, 520 So.2d 842 (La.App. 3 Cir.1987). The subsequent search of the car and seizure of the contraband by the police were then proper under Ross and Tatum, supra.
We note that defendant's reliance upon Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), is misplaced. In Knowles, the United States Supreme Court concluded that an officer who stopped a motorist for speeding and issued him a citation did not have probable cause to search the motorist's vehicle without consent. The officer had the option of either issuing a citation to the motorist or arresting him, and he chose to issue a citation. After writing the citation, the officer conducted a full search of the vehicle and found, under the driver's seat, a bag of marijuana and a "pot pipe." The officer conducted the search in reliance upon a state statute which allowed for searches upon the issuance of citations. The Supreme Court concluded that, while the state statute allowed such searches, the search violated the Fourth Amendment because it lacked probable cause. Unlike Knowles, however, probable cause was established in this case when the dog alerted to the presence of narcotics during the "free air search," which was not a search within the meaning of the Fourth Amendment. U.S. v. Place, supra.
Because this assignment of error is without merit and there are no errors patent, we affirm defendant's convictions and sentences.
AFFIRMED.