I,YELVERTON, J.
Defendant, Richard D. Barlow, pled guilty to operating a vehicle while intoxicated, a violation of Louisiana Revised Statute 14:98. He also entered a Crosby plea to possession of marijuana, third offense, a violation of Louisiana Revised Statute 40:966(D)(3), for which he was sentenced to three years at hard labor. His appeal, pursuant to the Crosby plea, assigns error to the trial court’s denial of his motion to suppress the marijuana. We affirm.
On January 14, 2000, Barlow, driving his father’s truck in Grant Parish, was stopped on suspicion of driving while intoxicated. Deputy Sheriff Pittman testified that when he saw the truck swerving from the shoulder and crossing the center line back and forth, he turned on his lights, and it took him almost half a mile before the vehicle pulled over. The deputy testified that when Barlow got out of the truck, he had to hold on to it to maintain his balance. His speech was slurred, and he had an alcoholic beverage smell as he spoke. The deputy administered a horizontal gaze nys-tagmus test, but could not do any additional field sobriety tests because Barlow could not stand up. At this point, Deputy Pittman asked Barlow if he had anything illegal in his truck and asked for permission to search it. Barlow answered “no” to both questions. Deputy Pittman was not only a road deputy, but the designated handler for the canine unit as well, so he had his dog with him. He ran a search pattern around the truck, and the dog alerted. The deputy repeated the question if there was anything illegal in the truck, and Barlow answered “no” again. So, the deputy, without a warrant, entered the truck, searched with a flashlight, and found some marijuana under some beer cans.
| ?,The only evidence presented at the hearing on the motion to suppress was Deputy Pittman’s testimony.
Barlow argues that the warrantless search of the truck constituted an illegal search within the meaning of the Fourth Amendment of the United States Constitution and Article 1, § 5 of the Louisiana Constitution. The issue, according to Bar *65 low, is whether the positive alert by the drug dog provided probable cause to justify the warrantless search in this case, absent exigent circumstances.
In State v. Washington, 96-656, pp. 7-8 (La.App. 3 Cir. 1/15/97); 687 So.2d 575, 580, this court stated:
Unreasonable searches and seizures are prohibited by both the United States and Louisiana Constitutions. U.S. Const. amend. IV; La. Const. art. I, § 5. A warrantless search and seizure is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29 (La.1985). One such exception, the “automobile exception,” has developed because of the time problems associated with obtaining a search warrant and the mobility of automobiles. This exception to the warrant requirement is based on probable cause and exigent circumstances which render it impractical to secure a search warrant and has been recognized by the United States Supreme Court in U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
It is well-settled in Louisiana that a dog’s sniff test of a vehicle’s exterior surface does not in itself constitute a search. State v. Kalie, 96-2650 (La.9/19/97); 699 So.2d 879; State v. Washington, 687 So.2d 575; State v. Anderson, 98-936 (La.App. 5 Cir. 3/30/99); 732 So.2d 605; State v. Boudreaux, 98-2306, 98-2307, 98-2308 (La.App. 4 Cir. 1/26/00); 752 So.2d 304. Barlow, in his brief, citing United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), agrees that a dog sniffing the car is not a “search” of the car within the meaning of the Fourth Amendment. ^However, Barlow argues there were no exigent circumstances; therefore, a warrant should have been sought.
Barlow does not deny that the deputy had reasonable cause to stop the vehicle and probable cause to arrest him for DWI. He argues, however, that the problem lies in the deputy’s actions after completion of the traffic violation investigation. Louisiana Code of Criminal Procedure Article 215.1(D) states that in conducting a traffic stop “an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity.” Barlow argues that there was nothing in the circumstances that would justify any suspicion by Deputy Pittman that he had engaged in other criminal activity; therefore, his separate detention for the use of the drug dog was not based upon any reasonable suspicion of additional criminal activity.
We disagree and find no error in the trial court’s ruling. In the recent case of State v. Lopez, 00-562 (La.10/30/00); 772 So.2d 90, the Louisiana Supreme Court cited State v. Burton, 93-828 (La.App. 3 Cir. 2/23/94); 640 So.2d 342; writ denied, 94-617 (La.4/7/94); 641 So.2d 203, as an example of reasonable suspicion to enlarge the scope of an investigation. In that case, Burton, stopped for speeding, was extremely nervous, and he and his passenger gave conflicting stories. This was held to have given the troopers reasonable suspicion to enlarge the scope of the investigation.
In the present case, Deputy Pittman’s further detention was not based on a generalized suspicion or hunch, but rather on articulable facts justifying the additional detention. We refer to Deputy Pittman’s description of Barlow’s physical condition. LHe could not stand up; he was unable to *66 perform the field tests for inebriation; he was incoherent; his breath smelled of alcohol. Deputy Pittman testified he was trained to determine if a subject is intoxicated, “be it with either narcotics or alcohol.” The trial judge in a colloquy with counsel following the trial said, “you know, I have a situation here where I have a[sic] intoxicated individual, whether by alcohol or not, who has been stopped for probable cause on the road.” In his reasons for judgment, the trial judge found that the use of the dog was justified “given the nature of the offense that Mr. Barlow was stopped for.” Observing Barlow’s condition, Deputy Pittman could reasonably suspect something else such as contraband might have contributed to his deplorable state in addition to alcohol. That alone would justify a few moments of further detention at the scene of the traffic stop while a drug dog could circle the pickup truck.
The decision in Lopez, 772 So.2d 90, also answers another argument made by Barlow. He states that the vehicle was stationary and the deputy had time to get a search warrant. In Lopez, the defendants were stopped for speeding. The trooper searched the vehicle after a drug-detection dog alerted on the vehicle. Explaining the exigent circumstances that exist in such a situation, the court stated:
No constitutional distinction exists “ ‘between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant.’ ” State v. Guzman, 362 So.2d 744, 749 (La.1978) (quoting Chambers v. Maroney, 399 U.S. 42-52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970)). Because either course is reasonable under the Fourth Amendment, id., “[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.” Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (citation omitted).
Id. at 93. (alteration in original).
|.Jn the present case, Barlow was taken to jail, another deputy was summoned to stay with the pickup truck until Barlow’s father came, and then Barlow’s father was to drive the truck from the scene. So, the car was going to be moved. This justified an immediate search. State v. Tatum, 466 So.2d 29 (La.1985).
We have examined the record for errors patent and found none. We conclude that the trial judge did not err in denying the motion to suppress.
AFFIRMED.
PETERS, J., dissents and assigns written reasons.