839 So.2d 173 (2003)
STATE of Louisiana
v.
Sebastian SHORT.
No. 2002-K-2766.
Court of Appeal of Louisiana, Fourth Circuit.
January 22, 2003.
*174 Harry F. Connick, Orleans Parish, District Attorney, Scot P. Koloski Assistant District Attorney, New Orleans, LA, for State of Louisiana/Relator.
Powell Miller, Orleans Indigent Defender Program, New Orleans, LA, for Defendant/Respondent.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge TERRI F. LOVE, and Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The defendant, Sebastian Short, was charged with one count of simple possession of cocaine, to which he pled not guilty. He subsequently filed a motion to suppress the evidence against him, which the trial court granted. On the application of the State of Louisiana, we grant this writ to review the trial court's judgment suppressing the evidence.
On the evening of October 10, 2002, New Orleans Police Department Officers Abram Pedesclaux and Chad Jacobs were stopped at a red light at the corner of South Claiborne and Washington Avenues. After the officers' light turned green, a car driven by the defendant ran the red light on South Claiborne. The officers turned the corner and stopped the defendant in the same block. Officer Pedesclaux testified at the suppression hearing that when they stopped the defendant, he admitted that he did not have a driver's license. At that point, the officers ordered him out of the car, handcuffed him, frisked him, and placed him in the back of their patrol car. When the defendant opened his car door, Officer Jacobs noticed a baggie hanging out of the pocket of the door. In addition, the defendant appeared nervous. The officers suspected the baggie may have contained contraband and called for a canine unit. When the dog arrived, it "alerted" on the side panel of the driver's door and on the console inside the car. The officers seized the baggie, which contained rocks of crack cocaine. Officer Pedesclaux insisted that nothing was seized from the car until after the dog indicated contraband was present. He further testified that in addition to arresting the defendant for possession of the cocaine, the officers issued citations to him for running the red light, driving without a license, and careless operation of a vehicle.
On cross-examination, Officer Pedesclaux testified that although the defendant admitted he did not have a driver's license, the officers did not arrest him immediately for the offense because they first wanted to verify that no license had been issued to him. Officer Pedesclaux also testified that he and his partner did not ask the defendant his "name and information" prior to handcuffing him and placing him in the back of their car. On re-direct, he stated that driving without a license is an "arrestable" offense.
The trial judge gave no reasons for finding "no probable cause" and suppressing the evidence, yet it appears from his questions posed to Officer Pedesclaux that he was bothered by the fact that the officers ordered the defendant out of the car, handcuffed him, and placed him in the back of the police car prior to ascertaining *175 that he had no driver's license. However, we note that no evidence was seized from the defendant himself; indeed, Officer Pedesclaux testified that Officer Jacobs frisked the defendant and found no weapons. Rather, the evidence seized came from the pocket of the driver's door in the defendant's car. Officer Jacobs noticed the baggie, which was found to contain cocaine, when the defendant opened his door and exited the car. Thus, the issue is whether the officers were justified in ordering the defendant to exit his car.
It is undisputed that the officers saw the defendant commit a traffic offense. At that point, they had probable cause to stop him for the commission of that offense. See State v. Wilson, 467 So.2d 503, 515 (La.1985); State v. Diaz, XXXX-XXXX (La. App. 4 Cir. 10/31/01), 800 So.2d 1090. In addition, after the officers stopped the defendant, he admitted that he did not have a driver's license. At that point the officers had probable cause to arrest him for driving without a license and could lawfully order him to exit the car.
The State next argues that the officers were justified in seizing the baggie containing cocaine because one of them "observed a plastic bag containing a white rock-like substance in plain view in an open compartment in the driver side door." The transcript, however, indicates that Officer Pedesclaux never stated that either he or his partner actually saw the rocks of cocaine; he merely testified that Officer Jacobs saw the baggie hanging out of the car door's pocket. As such, contrary to the State's argument, the plain view exception to the warrant requirement would not apply to this case because there was no showing that the officers saw the rocks and immediately recognized them as cocaine. See State v. Jones, XXXX-XXXX (La. App. 4 Cir. 6/26/02), 822 So.2d 205; State v. Nogess, 98-0670 (La.App. 4 Cir. 3/3/99), 729 So.2d 132.
Nonetheless, because the officers had probable cause to arrest the defendant for driving without a license, they could detain him while they called for the canine unit. In State v. Miller, XXXX-XXXX (La.10/26/01), 798 So.2d 947, the Court held that the officers were justified in detaining the defendant, stopped for a traffic violation, for almost an hour while waiting for a canine unit to arrive. The Court found that although the officers did not have probable cause to arrest the defendant for an offense during this time period, her answers to their questions gave them reasonable suspicion of criminal activity, and the duration of the wait for the canine unit "reasonably correlated with the escalating level of suspicion as the officers pursued a means of investigation likely to confirm or dispel the trooper's suspicions without unnecessary delay." Id. at p. 4, 798 So.2d at 950. The Court further noted that the intrusiveness of the stop did not intensify as the duration of the stop increased.
In this case, the officers were justified in detaining the defendant because he admitted that he did not have a driver's license. The baggie in the defendant's car, as well as his nervousness, gave the officers reasonable suspicion to believe the baggie might contain contraband. They called for a canine unit, and the dog "alerted" on the door panel where the baggie was located. A canine search is not a "search" within the meaning of the Fourth Amendment. See U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Boudreaux, 98-2306 (La.App. 4 Cir. 1/26/00), 752 So.2d 304. Once the dog "alerted" on the panel, the officers had probable cause to search the car without first obtaining a warrant. See Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); United States v. Ross, 456 U.S. 798, 102 S.Ct. *176 2157, 72 L.Ed.2d 572 (1982); State v. Wyatt, 99-2221 (La.App. 4 Cir. 9/27/00), 775 So.2d 481. Thus, we find the trial court erred in suppressing the bag of cocaine.
Accordingly, for the above reasons, the trial court judgment granting the defendant's motion to suppress is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
LOVE, J., DISSENTS WITH REASON.
LOVE, J., dissents with reasons.
I respectfully dissent. The trial court was correct in granting the motion to suppress, as the officers did not have probable cause to arrest Sebastian Short. When Mr. Short informed the officers that he did not have a driver's license, they were required under La. C.Cr.P. art. 211.4 to confirm whether Mr. Short had been issued a valid driver's license. Instead they immediately removed him from the car, handcuffed him, frisked him, and placed him in the back of the police unit. According to the testimony of the officers, they did not ask Mr. Short his name or any other identifying information before placing him in the back seat of the police vehicle; hence, the officers could not have confirmed that Mr. Short was not issued a valid driver's license before the arrest. Therefore, the arrest was improper. It was in executing this unlawful arrest that the officers discovered plastic baggie in the door, which the officers attest then gave them reasonable suspicion to detain Mr. Short until the K-9 unit arrived. However, without the unlawful arrest the officers' would not have had reasonable suspicion. Therefore, the evidence should be suppressed.