477 So.2d 864 (1985)
STATE of Louisiana
v.
Adolph ARCHIE.
No. KA-0627.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria Lazarte Reuther, Asst. Dist. Atty., New Orleans, for State.
Dwight Doskey, New Orleans, for defendant.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
SCHOTT, Judge.
Defendant was convicted of possession of a firearm by a convicted felon, in a violation of LSA-R.S. 14:95.1 and sentenced to ten years at hard labor. Having previously remanded this case for completion of the transcript of the hearing on the motion to suppress, 462 So.2d 248 (La.App. 4th Cir.1984), we now have a complete record before us.
We have examined the record for errors patent and find none. The sole issue is whether the warrantless search which produced the firearm was accomplished in violation of defendant's constitutional rights.
The fourth amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." This fundamental right is generally *865 protected by the requirement that searches be conducted pursuant to a warrant issued by an independent officer of the court. One exception to this general rule is the "stop and frisk" rule recognized in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This exception applies when the officer's initial stop is based on a reasonable suspicion that criminal activity is being committed or is about to be committed; and the officer should present specific and articulable facts to show his suspicion was reasonable.
On the evening of June 25, 1982 officers Lee Payton and William Corales were patrolling a high crime area in New Orleans when they spotted an automobile whose license plate was bent in such a way as to make it's numbers unreadable. Suspecting that the automobile might be stolen they stopped it and requested that its driver and passenger get out of the car. At this point the passenger, the present defendant, made a sudden erratic movement, ducking down and appearing to be concealing something under the seat. Officer Corales looked under the seat and found a loaded pistol. Defendant was identified and found to have four felony convictions on his record.
The condition of the license plate constituted a violation of law which requires that it be clearly legible, R.S. 47:507 B. The officers' suspicion that the car might be stolen was reasonable and justified their stopping it to investigate pursuant to Terry v. Ohio. Furthermore, Louisiana law specifically authorizes an investigatory stop when the person is committing an offense, C Cr.P. Art. 215.1. Defendant does not seriously contend that the stop was illegal, but rather, that the officer, when he looked under the seat, conducted an unreasonable search in violation of the federal and state constitution.
Terry v. Ohio sanctioned a protective pat-down search of the person who was justifiably stopped. In Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Court extended Terry to sanction a protective search of the automobile from which the defendant was pulled recognizing that roadside encounters may be especially hazardous to police. The court held that a "search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the officer to believe that the suspect is dangerous and the suspect may gain immediate control of weapons."
In the case at bar, the officers confronted defendant at night in a high crime area. Defendant's exaggerated motion as if to place something under the seat could easily lead a reasonably prudent man to believe that his safety or the safety of others was in danger and justified the search.
However, defendant argues that the instant result should be different from the Michigan v. Long result because Louisiana law affords greater protection against unreasonable search than does the Fourth Amendment, citing State v. Landry, 393 So.2d 713 (La.1981) and State v. Lanter, 391 So.2d 1152 (La.1980).
Both of the cited cases involved searches of the persons of defendants and are clearly distinguishable from the instant case on their facts. Neither case was decided on the basis of the state constitution, but, on the contrary, both were decided on the basis of the Fourth Amendment to the United States Constitution.
Defendant also contends that Michigan v. Long, supra, is inapplicable because its events occurred in a rural setting, a hunting knife was in plain view of the officers, and Long appeared to be intoxicated. We are not convinced that these facts prevent us from extending the principle to the present case. Here the officers were in a high crime area at night and they knew defendant had hurriedly hidden something under the seat as they approached him. They were not obliged to let him reenter the car without checking to see what he had placed under the seat considering the *866 real possibility that they might be in danger.
Finally, we distinguish this case from State v. Mayo 450 So.2d 718 (La.App. 4th Cir.1984). In Mayo, like the present case, the initial stop was based on reasonable suspicion. However, when the police learned that one of the men was a resident of the house in front of which the car was parked, their suspicion should have been allayed.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.