612 So.2d 256 (1992)
STATE of Louisiana
v.
Shedrach C. DAVIS.
No. 92-K-2443.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
*257 Harry F. Connick, Dist. Atty., Alfred A. Olinde, Jr., Asst. Dist. Atty., New Orleans, for relator.
Jeff Smith, Orleans Indigent Defender Program, New Orleans, for respondent.
Before SCHOTT, C.J., and KLEES and WALTZER, JJ.
KLEES, Judge.
On the application of the State of Louisiana we grant certiorari in order to review the validity of a judgment of the trial court granting defendant's motion to suppress.
FACTS:
Just before 11:30 p.m. on August 5, 1992, police officers on patrol observed a car speeding in the 3000 block of Martin Luther King Boulevard. As the officers pulled next to the speeding car, the driver of the police car shined a light into the other car and observed the driver, the defendant Shedrach Davis, make a motion like he was putting something under the seat. The officers motioned Davis to pull over to the side of the road, and he complied. Davis exited his car and walked back to the officers' car. While one officer talked with Davis, the other officer entered Davis' car, searched under the seat, and discovered two plastic packets containing a total of twenty-four rocks of cocaine and another plastic packet containing forty-two handrolled marijuana cigarettes. Davis was arrested for the drug possession and was issued a speeding ticket.
Although the trial court found the initial stop of the defendant to be lawful, it ruled that under the circumstances the officers exceeded the scope of the stop by searching under the seat of the car when the defendant was already out of the car and detained by the officers. The authorization for a temporary stop by a police officer of a person in a public place is set forth in C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Guy, 575 So.2d 429 (La.App. 4th Cir.1991), writ den. 578 So.2d 930 (1991); State v. Smith, 573 So.2d 1233 (La.App. 4th Cir.1991), writ den. 577 So.2d 48 (1991); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir. 1990); State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986), writ den. 488 So.2d 197 (1986). As this court noted in Johnson:
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, supra. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, at 1033. See also Guy; Smith. In addition, paragraph B of art. 215.1 provides:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officers reasonably suspects the person possesses a dangerous weapon, he may search the person.
See also Johnson. As noted in State v. Hunter, 375 So.2d 99, 101-102 (La.1979):

*258 While it is true that an officer is never justified in conducting pat-down for weapons unless the original detention itself was justified, a lawful detention for questioning does not necessarily give the officer authority to conduct a pat-down for weapons. Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a "reasonably prudent man ... would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. Further, the officer's belief is not reasonable unless the officer is "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U.S. [40] at 64, 88 S.Ct. [1889] at 1903, 20 L.Ed.2d [917] at 935. It is not necessary that the investigating officer establish that it was more probable than not that the detained individual was armed and dangerous: it is sufficient that he establish a "substantial possibility" of danger.
Here, the officers observed the defendant's car speeding down the street. As such, the officers were justified in stopping him. Because the officers' car was not equipped with a siren or lights, the officers pulled next to the defendant's car. As they shined a flashlight into the defendant's car and motioned him to pull over, they saw him make a motion like he was placing something under the seat. The officer who appeared at the suppression hearing testified that in his experience he had seen many suspects hide guns or drugs under the seat when being stopped, and because of this knowledge he decided to look under the seat after the defendant had exited his car. He testified that he reached under the seat and pulled out three plastic packets, two containing a total of twenty-four rocks of cocaine and one containing forty-two marijuana cigarettes.
The trial court suppressed this evidence, noting that it considered that the search was unlawful because the defendant was already out of the car and thus the gun was not within the reach of the defendant. The court also found that "Ross" did not apply. This is apparently a reference to United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), where the Court recognized the "automobile/exigent circumstances" exception to the warrant requirement. See also State v. Tatum, 466 So.2d 29 (La.1985); State v. LeCompte, 441 So.2d 249 (La.App. 4th Cir.1983), writ den. 446 So.2d 314 (1984). In Tatum, the Court held that police officers, who have probable cause to believe that a car they have lawfully stopped contains contraband, may conduct as thorough a warrantless search as a magistrate could authorize. The Court reasoned:
For constitutional purposes, there is no difference between on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Carrol v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Ross, supra; State v. Chaney, 423 So.2d 1092 (La.1983).
Furthermore, prior Louisiana jurisprudence has held that a search warrant is not necessary where there is probable cause to search an automobile for contraband or evidence of a crime and there are exigent circumstances requiring an immediate search. State v. Chaney, supra; State v. Guzman, 362 So.2d 744 (La.1978).
Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when "the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." State v. Chaney, supra.

Tatum at 31-32.
*259 Here, it is unclear if the officers' observations would rise to such a level to give them probable cause to believe that the defendant had placed a gun or contraband under the seat, thus allowing the search of the car fall within the exception set forth in Ross.
We find no difference in this case than that in State v. Archie, 477 So.2d 864 (La. App. 4th Cir.1985). In that case the police stopped a car which had a bent license plate. As the officers asked the driver and the passenger to get out of the car, the passenger suddenly ducked down and placed something under the seat. The passenger and driver were taken out of the car, and one officer looked under the seat and found a loaded gun. On appeal of his conviction for being a felon in possession of a firearm, the defendant argued that the search under the seat exceeded the scope of the traffic stop. This court disagreed, citing Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), which extended a Terry search to encompass a protective search of an automobile from which a defendant was seized "recognizing that roadside encounters may be especially hazardous to police." In discussing Long, this court noted:
The [U.S. Supreme Court] held that a "search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the officer to believe that the suspect is dangerous and the suspect may gain immediate control of weapons."
Archie, at 865.
This court noted that the defendant had been stopped in a high-crime area and was seen trying to hide something under the seat. This court further stated: "[The officers] were not obliged to let him reenter the car without checking to see what he had placed under the seat considering the real possibility that they might be in danger." Id. at 865-866.
Given this court's opinion in Archie, it appears the officers could search under the seat for to see if there was a gun. Based upon this holding, we conclude that the trial court erred by suppressing the drugs found under the seat. Accordingly, the judgment of the trial court granting defendant's motion to suppress is reversed and set aside and the motion to suppress is denied. The case is remanded to the trial court for further proceedings.
REVERSED.