657 So.2d 1102 (1995)
STATE of Louisiana
v.
Gerard ALAIMO and Eric Mertz.
No. 95-K-1044.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1995.
Harry F. Connick, Dist. Atty., Allison Sedgwick Elsee, Asst. Dist. Atty, New Orleans, for relator.
Before PLOTKIN, WALTZER and MURRAY, JJ.
WALTZER, Judge.
At a hearing on defendants' motion to suppress evidence seized during an arrest on 18 July 1994 at approximately twelve noon, the following testimony was given:
Officer Richard Williams testified that on the date in question, he and his partner Deron Demma were patrolling the Paris Avenue area. The officers saw another vehicle, occupied by the defendants make a left turn from the right lane. The officers made a U-turn to follow them at which time the defendants made a second U-turn. The officers followed suit and attempted to pull the car over by using lights and sirens. The defendants *1103 continued to drive for another two to three blocks, and, before pulling over, "appeared to be fumbling in the car." Upon stopping, the driver immediately got out and walked to the police car. The driver volunteered that he had no driver's license and pleaded not to be taken to jail, while the passenger remained in the stopped vehicle. Officer Demma conducted a pat-down of the driver, and, after having determined that the driver had no license, no insurance, no license plate, and no brake tag, placed him under arrest for traffic violations.
Based upon the defendants' actions prior to the stop, the interview and the observed nervousness of the driver, Officer Williams suspected that the defendants attempted to conceal contraband in the car. Upon entering the vehicle, Officer Williams observed two tinfoil packets in the ashtray. When the packages were opened, they were found to contain white powder believed to be heroin. Both defendants were placed under arrest for possession of heroin.
Officer Williams could not remember whether he or his partner had driven the police car on the date in question. He was likewise not able to remember whether the passenger, when asked to exit the car, left the passenger door open or closed. Similarly, he could not recall whether the ashtray containing the contraband had been open or closed. The trial court granted the motion to suppress[1] "because of the way and the manner in which the witness testified." The trial court found the witness incredible because he did not know the facts.
DISCUSSION
The State asserts that the search of the vehicle should be upheld because the officers were entitled to conduct a Terry-type search, or "protective sweep," for their own protection. In State v. Archie, 477 So.2d 864 (La. App. 4th Cir.1985), this court upheld a search of a car under similar circumstances. In that case, the police stopped a car with a bent license plate. The occupants were ordered to exit the car, and the passenger suddenly ducked down to place something under the seat. After the occupants were removed from the car, a loaded gun was retrieved from beneath the seat. This court rejected Archie's argument that the search under the seat exceeded the scope of the traffic stop, citing Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
In State v. Davis, 612 So.2d 256 (La.App. 4th Cir.1992), this court upheld a similar search of a car. In Davis, the car had been stopped for speeding and the driver was seen making a motion as if he were putting something under the seat. The officers' search under the seat and seizure of contraband was upheld, the court citing Archie, supra.
In the case at hand, the defendants were aware of the officers' presence when the driver fumbled in the car and the movement observed by the police appeared to be the result of the defendant's imminent stop. The State's claim that the fumbling motions observed by the officers caused them immediate apprehension that the occupants of vehicle had access to weapons, is not borne out by the record. Why would an apprehensive officer have ordered that the passenger remain in the car giving the passenger ample opportunity to gain access to weapons that might be secreted within?
The trial court rejected the officer's testimony as incredible because the officer was unable to recall any other details, including whether he or his partner was driving and whether he had to open compartments to discover the contraband. While his credibility call may have merit, especially so in light of the fact that the passenger was permitted to remain in the vehicle (thereby having access to anything within the car including weapons), the legality of the search does not depend solely on the reasonable apprehension of the officer or the inability of the police officer to recall the respective positions of the door or the compartment containing the contraband. It appears from the record that the defendants' vehicle was properly searched based on probable cause, in this case traffic violations. The authority for such a search was discussed by this court in State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writs denied, 531 So.2d 764 (La.1988). Citing New York v. Belton, 453 *1104 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), our court held that a search incident to arrest could encompass a search of the interior of the automobile when the arrestees remain in proximity to the car. In State v. Caballero, 464 So.2d 939 (La.App. 4th Cir. 1985), we upheld the search of a tote bag in the trunk of the defendant's vehicle, and in State v. Smith, 489 So.2d 966 (La.App. 4th Cir.1986) we upheld the search and opening of a container containing drugs incident to arrest. Both Caballero and Smith were traffic stops leading to the resultant search. The United States Supreme Court clearly held in Belton, supra that the police may search the passenger compartment of a car and any containers therein even though the occupant has been removed, so long as the former occupant was lawfully arrested and had been an occupant just prior to that arrest. Thus, if, as it appears, Officer Williams had probable cause to arrest the driver of the vehicle for numerous traffic violations, the search of the passenger compartment of the car was legally permissible and the heroin found in the ashtray is not subject to suppression.
The trial court declined to rule on the defendant's motion for determination of whether there was probable cause for the arrest of the defendants. Absent such a ruling the trial court committed manifest error in rejecting all of the testimony of the officers at the suppression hearing.
Accordingly the ruling of the trial court is REVERSED, and the matter is remanded for the trial court's specific consideration of the issue of whether Officer Williams had probable cause to arrest the driver of the vehicle for the numerous traffic violations demonstrated in the record.
WRIT GRANTED. RULING ON THE MOTION TO SUPPRESS REVERSED AND REMANDED TO THE TRIAL COURT FOR CONSIDERATION OF PROBABLE CAUSE.
NOTES
[1] Apparently, counsel made legal arguments at the bench that were not transcribed.