| iBARRY, Judge.
The defendant was charged with possession of a firearm by a convicted felon. La. R.S. 14:95.1. The trial court granted the defendant’s motion to suppress. We grant the State’s application to review the ruling.
Lt. Taylor testified that at about 1:00 a.m. on May 24,1995 he was involved in a systematic roadblock at the intersection of North Miro and Franklin. The officers were stopping every fourth vehicle to check for driver’s licenses. Lt. Taylor stopped the defendant’s vehicle. The defendant and the passenger did not have a license. The officer asked the defendant to pull over and get out of the vehicle. The defendant stated that there was no weapon in the vehicle. The vehicle’s dome light was not working and Lt. Taylor used his flashlight to do a protective sweep of the passenger compartment. He observed a .380 semi-automatic weapon underneath the driver’s seat. Lt. Taylor asked the passenger to get out of the vehicle, then the officer moved the car to the side of the road. The officers did a registration check, ran the defendant’s name through the computer, and learned the defendant was a convicted felon. |2The defendant was cited for not having a driver’s license and placed under arrest for being a felon in possession of a firearm.
When Lt. Taylor found the gun the defendant stated that he did not own the gun and he was driving his brother’s vehicle. The officers were not able to verify ownership of the vehicle. The passenger was later released. According to Lt. Taylor, the defendant was charged because of the proximity of the weapon.
Officer McGee testified that he, his partner, and Lt. Taylor were involved in a road block. He stated the defendant had several opportunities to turn off of Franklin to avoid the roadblock. Officer McGee did not see or find the gun.
Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), sanctioned a protective pat-down search of a person who is justifiably stopped. Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), extended Terry to sanction a protective search of the passenger compartment of an automobile if the police officer possesses a reasonable belief based on specific and artic-ulable facts, which along with the rational inferences from those facts, reasonably warrants the officer’s belief that the suspect is dangerous and may gain immediate control of weapons. State v. Archie, 477 So.2d 864 (La.App. 4th Cir.1985).
The trial court stated that the officers had to possess some articulable objective reason for conducting the protective search of the vehicle. The court noted that the officers were stopping every fourth vehicle and doing a protective search of the passenger compartment of every vehicle in which the driver did not have a driver’s license.
Both officers admitted that the defendant had done nothing suspicious prior to the search. He was stopped as part of the systematic check for driver’s licenses. He did not appear intoxicated or act suspiciously. There was no ^weapon or other contraband in plain view in the vehicle. The officers did not have a reasonable belief based on specific and articulable facts to warrant their belief that the defendant was dangerous and might gain immediate control of a weapon. The *161 trial court correctly granted the motion to suppress. The ruling is affirmed.

AFFIRMED.