TERRI LOVE, Judge.
hThe defendant, John Norals, was charged by bill of information with violating one count of La. R.S. 14:67, relative to theft of aluminum ingots valued over five hundred dollars. The defendant entered a plea of not guilty, and defense counsel filed motions to suppress the evidence, state *909 ment, and identification, and a motion for preliminary examination. The trial court granted the defendant’s motions to suppress evidence and statement and found insufficient probable cause to substantiate the charged offense.
The State made an application for supervisory writ to this Court, which was denied. The State then sought relief with the Louisiana Supreme Court, which granted the writ and remanded the matter to this Court for briefing, argument, and opinion.
The issue presented is whether the trial court abused its discretion when it granted the defendant’s motions to suppress evidence and statements and found no probable cause for the defendant’s arrest. We find the plain view exception to the | ¡¡Fourth Amendment warrant requirement applicable in this matter. We find that probable cause existed for the defendant’s arrest. The trial court abused its discretion in granting the motions filed by the defendant. Therefore, we grant the writ.
FACTS AND PROCEDURAL BACKGROUND
In 2009, Officer Kenneth Spooner and his partner conducted a traffic stop of a white hatchback vehicle after observing a broken tail-light on the left side of the hatchback. The vehicle, in which the defendant, John Norals, was a passenger, was driven by Natalie Jeanpierre. While approaching from the rear, the officers peered into the rear window of the vehicle and observed several aluminum ingots in the back of the vehicle.
Officer Spooner testified that there were approximately twelve ingots in the vehicle, which weighed thirty to sixty pounds each. Officer Spooner further testified that the officers had knowledge that the Alabo Street Wharf generally houses numerous ingots in various sizes, which are not for sale to the general public.
Knowing that the ingots are not for sale to the general public, Officer Spooner stated that the driver and passenger were asked to step out of the vehicle, advised that they were under investigation for possession of stolen property, and advised of their Miranda rights. The defendant stated that he understood his rights, and Officer Spooner asked Mr. Norals where he obtained the ingots. The | (¡defendant replied that he obtained the ingots from the Alabo Street wharf, the same location from which the officer suspected the ingots came.
A traffic citation was issued for the broken tail-light, and Officer Spooner testified that a follow-up investigation at Alabo Street Wharf was performed, where conversation with the wharf security guard occurred. Officer Spooner also testified that no witnesses, surveillance, or footage of a theft at the wharf was found, and there were several openings in the gate, through which one’s body could slide. Officer Spooner stated that the officers took a pair of work gloves into evidence, and the defendant stated that he used the work gloves to pick up the ingots.
STANDARD OF REVIEW
Trial courts are vested with great discretion when ruling on a motion to suppress. Consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 03-2592, p. 5 (La.9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005).
In determining the legality of a traffic stop, a reviewing court must decide “whether the officer’s action was justified at its inception, and whether it was reasonably related in scope to the circumstances *910 which justified the interference in the first place.” Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968).
| ¿MOTIONS TO SUPPRESS
The State maintains that trial court abused its discretion when it granted the motion to suppress evidence and the motion to suppress statements filed by the defendant.
“Reasonable suspicion” to stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual’s right to be free from governmental interference. State v. Sanders, 97-892, p. 11 (La.App. 5 Cir. 3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774. A law enforcement officer may lawfully arrest a person without a warrant when he has probable cause to believe the person to be arrested has committed an offense. La.Code Crim. Proc. art. 213. “Probable cause to arrest exists when the facts and circumstances within an officer’s knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime.” State v. Smith, 06-557, p. 8 (La.App. 5 Cir. 11/28/06), 947 So.2d 95, writ denied, 06-2960 (La.9/14/07), 963 So.2d 993 (citing State v. Bolton, 02-1034 (La.App. 5 Cir. 3/11/03), 844 So.2d 135, 141, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417).
An individual’s constitutional protections from unreasonable searches and seizures are triggered during an investigative traffic stop. United States v. Sharpe, 470 U.S. 675, 682, 105 S.Ct. 1568, 1573, 84 L.Ed.2d 605 (1985). The law provides that the stopping of a vehicle and its occupants constitute a seizure under the law. Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979). When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable, regardless of the officer’s subjective motivation. Whren v. United States, 517 U.S. 806, 810, 813, 116 S.Ct. 1769, 1772, 1774, 135 L.Ed.2d 89 (1996); State v. Waters, 00-0356, p. 4 (La.3/12/01), 780 So.2d 1053, 1056; State v. Landry, 98-0188, p. 2 (La.01/20/99), 729 So.2d 1019, 1020. The violation of a traffic regulation provides reasonable suspicion to stop a vehicle. State v. Jones, 01-177 (La.App. 5 Cir. 10/17/01), 800 So.2d 958, 962. Evidence derived from an unreasonable stop will be excluded from trial. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989.
The plain view doctrine is an exception to the warrant requirement, and for the exception to apply, there must be prior justification for police intrusion into a protected area and it must be immediately apparent, without close inspection, that the item is contraband. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 116, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464. The plain view exception does not require a police officer to actually know that the object in plain view is contraband, but rather only requires that the officer have probable cause to believe that the item in question is contraband. Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); State v. Taylor, 623 So.2d 952, 954 (La.App. 4 Cir.1993).
In State v. Bailey, 97-493, pp. 2-3 (La.App. 5th Cir.11/12/97), 703 So.2d 1325, 1327, the police officer used a flashlight to look inside the passenger side of a vehicle, *911 where he saw cocaine on the passenger seat. The court found that the officer had not conducted an illegal search of the vehicle and the cocaine was in plain view. Bailey, 97-493, p. 5, 703 So.2d at 1329. The court stated, “[t]his Court Rhas held that, ‘if a vehicle is parked on a public street, an officer may stand beside it and look into the vehicle as may any member of the public.’ Id.” See also: State v. Haygood, 26,102 (La.App. 2nd Cir.8/17/94), 641 So.2d 1074, 1078, writ denied, 94-2373 (La.1/13/95), 648 So.2d 1337 (“[t]he mere illumination of a vehicle’s interior with a flashlight does not violate any rights of a defendant”).
The defendant was a passenger in a vehicle on which a lawful traffic stop was conducted; the vehicle was cited for a broken tail-light. While approaching the vehicle, the officer used a flashlight to illuminate the interior of the vehicle as neither the driver nor the passenger had exited the vehicle.
Officer Spooner testified as follows: “As we’re walking toward the vehicle, we’re looking, and as we peer into the vehicle, which was a hatchback and it has a large rear window, you could see from the illumination from the light, the shining of the silver object.” The officer thereby discovered the evidence and testified that the ingots had distinctive markings of “Pacari-ni” on them that were able to be seen.
It was immediately apparent to the officer that the items observed “may be evidence of a crime, contraband, or otherwise subject to seizure.” Texas v. Brown, 103 S.Ct. at 1541. During his testimony, Officer Spooner noted that he knew aluminum ingots are not generally for sale to the public. We find that Officer Spooner’s observation of aluminum ingots in the back of a hatchback vehicle stopped for a traffic violation sufficiently falls under the plain view exception to the warrant requirement of the Fourth Amendment. Therefore, we find that the trial judge erred in granting the defendant’s motion to suppress the evidence.
We next consider whether the trial court erred in suppressing the defendant’s statement. The defendant maintains that after he was illegally seized pursuant to an illegal arrest, his statements were properly suppressed as fruits of that illegal |7arrest. The trial court’s rulings appear to be based on the fact that there was no probable cause to arrest the defendant, and therefore any statements are the “fruit of the poisonous tree,” see Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
We find probable cause for the defendant’s arrest, and because the defendant’s arrest was lawful, the voluntary and spontaneous statements made during the stop were admissible. Accordingly, we find that the trial court erred in granting the motion to suppress the defendant’s statement.
The trial court abused its discretion in finding no probable cause and granting the motions to suppress evidence and statements. Thus, we grant the writ.
WRIT GRANTED.
BELSOME, J. Dissents with Reasons.