MADELEINE M. LANDRIEU, Judge.
| Cherry Bridges entered a Crosby plea[1] to one count of possession of a controlled dangerous substance in violation of Louisiana Revised Statute 40:967(0(2), maintaining her right to appeal the trial court’s denial of her motion to suppress.

*659
STATEMENT OF CASE

On May 28, 2008, Sherry Bridges was charged by bill of information with one count of possession of crack cocaine in violation of Louisiana Revised Statute 40:967(0(2). Ms. Bridges pled not guilty. The trial court held a preliminary hearing on May 16, 2011 and found sufficient probable cause to substantiate the charge.
Ms. Bridges filed a motion to suppress and produce evidence. On July 21, 2011, the trial court adopted the May 16, 2011 preliminary hearing transcript and denied Ms. Bridges’ motion to suppress. At that time, Ms. Bridges withdrew her prior plea and entered a plea of guilty under State v. Crosby, reserving her right to seek appellate review of the trial court’s ruling on her motion to suppress. The trial court accepted the plea under Louisiana Code of Criminal Procedure article | ?898 and immediately sentenced Ms. Bridges to one year at the Department of Corrections. The trial court suspended the sentence and placed Ms. Bridges on active probation for one year. As a condition of probation, Ms. Bridges was ordered to pay $250.00 to the Judicial Expense Fund and $190.00 in court costs.[2] Ms. Bridges timely appealed.
STATEMENT OF FACT
At the preliminary hearing, the only witness called was Officer Miguel Aubert of the New Orleans Police Department. Officer Aubert testified that on May 5, 2008, he was assigned to the First District Task Force and that he and his partner, Officer Laron Stewart, were conducting proactive patrol in the area around Tulane Avenue. They observed a blue Oldsmobile with a broken taillight and an inoperable license plate light. The officers pulled the Oldsmobile over at the intersection of Tulane Avenue and South Tonti Street. Both officers exited the police car and approached the vehicle from the rear. As Officer Au-bert approached from the passenger side, he observed Ms. Bridges lean forward towards the floorboard of the car as if she were attempting to conceal illegal narcotics or a weapon. For safety, the officers ordered the occupants, the driver and Ms. Bridges, out of the vehicle. The occupants complied and were escorted to the rear of their vehicle. Officer Aubert returned to the passenger side of the vehicle to see what Ms. Bridges placed on the floorboard, and his partner remained with the occupants.
Officer Aubert testified that when he returned to the Oldsmobile, the passenger door was open, and he observed a pack of Kools cigarettes on the car ^floorboard with two crack pipes sticking out of the top of the pack. He stated that he was standing within the doorway of the vehicle when he made these observations. Officer Au-bert also noted that the cigarette pack was located right on the floorboard “at the tip” of the passenger seat: “it wasn’t shoved all the way up under the seat.”
When Officer Aubert retrieved the cigarette pack, he found in the pack two partially smoked marijuana cigarettes and a single piece of crack rock wrapped in a napkin. Officer Aubert admitted on cross examination that a person could legally purchase glass pipes, like the ones found in the Kools’ cigarette pack, in a gas station *660 or convenience store. Officer Aubert explained, however, that through his experience as a police officer, he has seen these pipes being used to smoke crack cocaine. Based on the officers’ observations, Ms. Bridges was Mirandized and arrested. The driver of the Oldsmobile was issued a citation for the broken taillight and license plate light. The field test results confirmed that substances found in the Kools cigarette pack were cocaine and marijuana.

ERRORS PATENT

Upon review of the record, this court has identified an error patent with regard to the payments ordered by the trial court as a condition of Ms. Bridges’ probation. At sentencing, the trial court ordered Ms. Bridges to pay the sum of $250 to the Judicial Expense Fund as a “condition of her probation.” The minute entry of the sentence states in pertinent part, “[T]he Defendant must pay the following fines and fees. $250.00 to the Judicial Expense Fund; $198.50 in court cost (sic) ...”
Louisiana Code of Criminal Procedure article 895.1(B) provides that when a court suspends the imposition or the execution of a sentence and places a defendant |4on probation, it may order the defendant to make payment, as a condition of probation, to a certain exclusive list of authorized recipients. The Judicial Expense Fund is not included in this exclusive list. See, La.C.Cr.P. art. 895.1(B). Thus, ordering the defendant to pay this fine to the Judicial Expense Fund is an error apparent from an inspection of the record.
In the present case the sentencing transcript establishes that the trial court ordered the defendant to pay $250.00 as a special condition of probation. As such, the case must be remanded to trial court to modify the special condition of probation either by identifying an authorized purpose and recipient in accordance with Louisiana Code of Criminal Procedure article 895.1(B) or by deleting the special condition of this $250 payment.[3]

DISCUSSION

Ms. Bridges’ sole assignment of error is that the trial court erred in denying the motion to suppress. Specifically, Ms. Bridges claims that the “intrusion in the car in which [Ms. Bridges] was a passenger constitutes an unjustified search” and violates the Fourth Amendment of the United States Constitution and Article I, § 5 of the Louisiana Constitution.
The trial court is vested with great discretion when ruling on a motion to suppress and, consequently, the ruling of a trial judge on such a motion will not be disturbed absent an abuse of that discretion. State v. Oliver, 99-1585, p. 4 (La. App. 4 Cir. 9/22/99), 752 So.2d 911, 914. The district court’s findings of fact on a motion to suppress are reviewed under a clearly erroneous standard, and its ultimate-determination of Fourth Amendment reasonableness is reviewed de novo. State v. Pham, 2001-2199, p. 4 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218; U.S. v. Seals, 987 F.2d 1102 (5 Cir.1993).
The Fourth Amendment of the United States Constitution and Article I, § 5 of the 1974 Louisiana Constitution protect a person’s reasonable expectation of privacy even while that person is within his automobile. Both the federal and state constitutions prohibit unreasonable searches and seizures, and a warrantless search and seizure is presumed to be unreasonable. State v. Thucos, 390 So.2d *661 1281, 1286 (La.1980). In order to justify a warrantless search, the State must show that the search falls within one of the narrowly drawn exceptions to the warrant requirement. State v. Barrett, 408 So.2d 903, 904 (La.1981).
In this case, the State cites the plain view exception and inevitable discovery doctrine in support of the search of car and the seizure of the evidence found therein.[4] In order for the plain view exception to apply, there must be prior justification for police intrusion into a protected area and it must be immediately apparent, without close inspection, that the item is contraband. State v. Norals, 2010-0293, p. 5, (La.App. 4 Cir. 7/30/10), 44 So.3d 907, 910 citing Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).
Here, the element of prior justification is satisfied because the officers involved had probable cause to stop the Oldsmobile. As a general rule, the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred. State v. Waters, 2000-0356, p. 4 (La.3/12/01), 780 So.2d 1053, 1056, citing, Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is an objective Lone that does not take into account the subjective beliefs or expectations of the police officer. Waters, 2000-0356, p. 4, 780 So.2d at 1056, citing Whren, 517 U.S. at 813, 116 S.Ct. at 1774. Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. Id.
In the instant case, the record indicates that the taillight and the license plate light of the Oldsmobile were not operating. Accordingly, there was reason to believe that that a traffic safety law had been violated and thus the officer’s decision to stop the vehicle was justified. It is well settled that once a vehicle is lawfully stopped, the police have the right to order occupants out of a vehicle in making a traffic stop. Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); State v. Benoit, 2001-2712, p. 6 (La.5/14/02), 817 So.2d 11, 15.
Ms. Bridges does not contest the reasonableness of the initial stop and detention. The question presented here is whether Officer Aubert was justified in searching under the passenger seat. In State v. Davis, 612 So.2d 256, 258 (La.App. 4 Cir.1992), the defendant was speeding, and as the police officers pulled next to him to wave him over to stop, they saw the defendant reach down and place something under the seat. The officers stopped the car, ordered the defendant out of the car, and searched under the seat, finding contraband. Id. Prior to reaching its decision in Davis, the Fourth Circuit reviewed State v. Archie, 477 So.2d 864, 865-866 (La.App. 4 Cir.1985), in which this Court ruled that an exaggerated motion as if to place something under the seat could easily lead a reasonably prudent man to believe that his safety or the safety of others was in danger and ^justified the search. Id. at 259. Based upon this Court’s holding in Archie, the Davis Court found that the police were justified in looking under the seat after the driver and passenger exited and thus upheld the search and seizure of the contraband. Id.
*662 In the present case, Officer Au-bert testified that after pulling the vehicle over, he observed Ms. Bridges motion as if she were putting something under the seat. Thus, like the police officers in Archie, 477 So.2d at 866, and Davis, 612 So.2d at 259, Officer Aubert and his partner could reasonably believe that Ms. Bridges was trying to hide or retrieve something, possibly a weapon. Accordingly, Officer Aubert was justified in ordering the occupants out of the car and searching under the passenger seat.
Officer Aubert testified that it was immediately apparent to him that the item on the vehicle’s floorboard was contraband. Officer Aubert specifically stated that when he saw the open cigarette pack on the floorboard, he “immediately recognized two glass tubes which was (sic) used to smoke crack cocaine, one of them which contained wire mesh.”[5] See, State v. Aicklen, 2000-1181, p. 2 (La.App. 4 Cir. 6/14/00), 767 So.2d 116, 118 (permitting the seizure of crack pipe under the plain view doctrine when the officers observed “a little PVC pipe with mesh wire” containing a residue). Although Officer Aubert acknowledged that glass tubes can be purchased legally from a convenience store, he testified that he was an officer of the First District Task Force, a division which concentrates on drugs and guns within the district. Officer Aubert further stated that he suspected that the glass tubes were crack pipes based on his experience as a police officer. [ 8Officer Aubert’s testimony demonstrates that he suspected that the cigarette pack contained crack pipes without further inspection.
Louisiana jurisprudence provides that the plain view doctrine does not require a police officer to be certain that the object in plain view is contraband; it simply requires that the officer have probable cause to believe the item in question is either evidence or contraband. Norals, 2010-0293, p. 5, 44 So.3d at 910. “Immediately apparent” under the plain view exception means only that the officer must have probable cause to believe an item is contraband. State v. Dorsey, 2000-2331, p. 8 (La.App. 4 Cir. 1/24/01), 779 So.2d 1008, 1013.
Here, through his experience in narcotics, Officer Aubert became aware that glass tubes sold at convenience stores were frequently used to smoke crack cocaine. As such, Officer Aubert had probable cause to believe that the cigarette pack contained contraband. See, State v. Hall, 555 So.2d 495, 499 (La.App. 4 Cir.1989) (recognizing that through past experience, the officer’s observation in the automobile’s glove box of plastic vials, loose white powder, and an open bag of party balloons constituted probable cause to believe that the balloon dropped by the driver of the automobile contained an illicit substance).

CONCLUSION

The record reflects that the Oldsmobile’s broken taillight and inoperable license plate light provided the police with reasonable suspicion to make the traffic stop at issue here. Once the vehicle was stopped, Officer Aubert’s police experience and the attempt by Ms. Bridges to hide something under the passenger seat justified Officer Aubert’s search of the vehicle resulting in the discovery of the [ ¡¡contraband. Ms. Bridges behavior coupled with the plain *663 view doctrine and the fact that it became immediately apparent to Officer Aubert that the partially opened cigarette pack contained contraband justified Officer Au-bert’s search of the vehicle and seizure of the evidence. We find no error in the trial court’s denial of the motion to suppress.
For the foregoing reasons we affirm Ms. Bridges’ conviction; vacate her sentence only insofar as it directs payment of $250.00 to the Judicial Expense Fund; and remand the case with instructions to correct the sentence by modifying the special condition of probation either by identifying an authorized purpose and recipient in accordance with Louisiana Code of Criminal Procedure article 895.1(B) or by deleting the special condition of this $250 payment.
CONVICTION AFFIRMED; SENTENCE VACATED IN PART; REMANDED

. State v. Crosby, 338 So.2d 584 (La.1976).

. There is a discrepancy in the record. The minute entry provides that the trial court ordered Ms. Bridges to pay $250.00 to the Judicial Expense Fund and $198.50 in court costs. The transcript from the July 21, 2011 sentencing hearing provides that Ms. Bridges pay $250.00 to the Judicial Expense Fund and $190.00 in court costs. When there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).

. See, Louisiana Revised Stature 15:571.11 and Louisiana Revised Statute 13:1381.4(A)(2)

. Technically, the “plain view" exception to the requirement of having a search warrant is not really an exception since it is premised on the idea that no "search” even occurred. State v. Dowling, 387 So.2d 1165, 1169 (La.1980).

. Officer Aubert also testified that the car door was already open and he was standing in the doorway when he made these observations. This further indicates that he was lawfully in a position from which he could view the cigarette pack and crack pipes as required to seize an item without a warrant under the plain view doctrine. See, State v. Smith, 96-2161, p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549.