JENKINS, J.,
respectfully dissents and assigns reasons.
hi dissent from the majority’s holding that the warrantless search of the vehicle was permissible based on the protective Terry sweep exception for officer safety. Based on totality of the facts and circumstances in this case and viewed in light of the reasonableness standard of the Fourth Amendment, I find that the officer did not articulate facts that would warrant a reasonably objective law enforcement officer to believe that the situation presented a substantial possibility of danger. See Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Waters, 2000-0356 (La.3/12/01), 780 So.2d 1053; see also State v. Sims, 2002-2208 (La.6/27/03), 851 So.2d 1039; State v. Alaimo, 95-1044 (La.App. 4 Cir. 6/29/95), 657 So.2d 1102.
Sgt. Anderson stated that the totality of the circumstances that heightened his alertness were the slow speed of the vehicle, the cracked windshield and the furtive movements of the passenger. The officer articulated reasonable suspicion necessary to conduct an investigatory stop and to *896 inquire further into the actions of the passenger, but the remainder of the circumstances do not reasonably or objectively heighten suspicion into a substantial threat or danger to the officer.
Sgt. Anderson’s suspicions were raised when he observed the vehicle moving at a very slow rate of speed, impeding the flow of traffic. Although the |2stop occurred at night, it was not a particularly late hour and it was not in a high crime area. Sgt. Anderson called for back-up as he was conducting the stop. He testified that during the course of the stop three additional police units came by the scene and he had two back-up officers with him when he ordered the defendant out of the vehicle.
When the driver pulled over and stopped, Sgt. Anderson did not wait for back-up to arrive before directing the driver to exit the vehicle while allowing the defendant to remain in the vehicle. When back-up arrived, Sgt. Anderson had one officer stay with the driver at the rear of the vehicle while he and the third officer directed Otis Lockett out and to stand at the rear of the vehicle. At no time before opening the rear door and conducting the warrantless search did the officers question the defendant to inquire about the slow speed of the car, his movements prior to the stop, or whether there might be any contraband in the vehicle.
The officers did not conduct a protective pat-down of either individual prior to the warrantless search and subsequent arrest. Once the passengers are outside of the vehicle, it is more likely and reasonable to believe that the officer’s safety could be threatened by the individual and any weapons he might have on his person.
The jurisprudence does not require that an officer testify that he believed he was in danger, but the officer must articulate specific facts and circumstances that would warrant a law enforcement officer’s objectively reasonable belief that there was a substantial possibility of danger. State v. Hunter, 375 So.2d 99 (La.1979); State v. Hughes, 99-2554 (La.App. 4 Cir. 5/31/00), 765 So.2d 423. There is always a possibility of danger while police are on patrol and conducting traffic stops, but the law requires that there must be objective facts and circumstances that would justify the officer in his belief that the particular situation posed a more substantial threat to officer safety. If this set of facts would be sufficient to justify |sa protective sweep of the vehicle, then it would seem to follow that any movements that an officer observes and deems to be unusual or suspicious during a traffic stop (regardless of other factors or surrounding circumstances) would be enough to allow for a warrantless protective sweep of the vehicle to discover contraband.
In Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the U.S. Supreme Court discussed the exceptions to the warrant requirement for vehicle searches and rejected a broad interpretation of New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) that would allow warrantless searches incident to arrest regardless of the possibility of access to the vehicle and its contents during the search. The Court stated,
A rule that gives police the power to conduct such a search whenever an individual is caught committing a traffic offense, when there is no basis for believing evidence of the offense might be found in the vehicle, creates a serious and recurring threat to the privacy of countless individuals. Indeed, the character of that threat implicates the central concern underlying the Fourth Amendment — the concern about giving police officers unbridled discretion to *897 rummage at will among a person’s private effects.
Gant, 556 U.S. at 345, 129 S.Ct. at 1720.
Where an officer has conducted a stop based on a traffic infraction with no other evidence of criminal activity, no probable cause to arrest, a rule allowing a warrant-less search of a vehicle based on furtive movements during a stop creates a serious threat to the Fourth Amendment. A protective sweep of a vehicle must be reasonably and objectively based on the belief that the situation poses a substantial possibility of danger rather than on the officer’s curiosity in what he might discover in a vehicle that was stopped for a traffic infraction.
This Court’s holding and the interpretation of jurisprudence in this manner brings this Court too close to a per se rule that furtive movements by an occupant of a vehicle during a traffic stop justify a protective sweep of a vehicle to discover contraband.
14For the reasons above, I respectfully dissent. I would reverse the trial court’s October 11, 2012 judgment and grant the Motion to Suppress.