JOY COSSICH LOBRANO, Judge.
hThe defendant, Kenneth J. Hall, was charged in Count 2 of a bill of information *1062 with possession with intent to distribute heroin, and pled not guilty.[1] Following the denial of his motions to suppress evidence and statements,[2] the defendant amended his plea to guilty as charged. The trial court imposed a sentence of fifteen years at hard labor, to run concurrently with any/all other sentence(s), with a stipulation that a multiple bill would not be filed against the defendant. The trial court also recommended the defendant for any self-help programs while incarcerated and assessed him with fines, fees and costs. This court granted the defendant an out-of-time Crosby appeal.[3] For the reasons that follow, we affirm the defendant’s sentence and conviction.
The testimony and evidence from the hearing on the motions to suppress disclose the following.
|2On August 27, 2012, at about 7:20 p.m., New Orleans Police Officer Rodney Brown and his partner, Officer Ryan Frazier, were in the security tower of the Fischer Housing Development, watching surveillance video of activity throughout the development, when they observed a white Ford F-150 truck drive up and park in the 2000 block of Hendee Street.[4] The truck was occupied by two males, who were later identified as Wells, the driver, and the defendant, the passenger. An unknown male in a white shirt approached the passenger side of the truck, talked to the defendant for a few seconds, and then left.
Shortly thereafter, a male in black clothing approached the passenger side of the truck, spoke to the defendant, and handed him a white object that appeared to be a napkin. The defendant unrolled the napkin which contained an off-white or brownish substance wrapped in clear plastic. He then placed his index finger and thumb into a slit in the plastic wrap, grabbed some of the substance, and raised it to his mouth several times. During the transaction, Wells appeared very nervous and kept looking around in every direction. When the transaction ended, Wells and the defendant drove away in the truck.
The officers left the security tower, entered their patrol vehicle and decided to further investigate the F-150 truck. When they observed Wells driving without a seatbelt, the officers activated their flashing lights and signaled the truck to pull over. The officers exited their patrol vehicle, and Officer Brown approached the driver’s side of the truck, while Officer Frazier approached the passenger side. Officer Brown asked Wells for his identification/driver’s license, which he produced. When Officer Frazier asked the defendant for his identification, he said |3that he would have to exit the truck to remove his identification from his pocket. As the defendant stepped out, Officer Frazier saw a white napkin on the floorboard between the passenger seat and door of the truck. *1063 Officer Frazier confiscated the napkin and discovered it contained what appeared to be heroin. A routine name check indicated that Wells’ driver’s license had been suspended. The officers then advised both suspects of their Miranda rights; arrested the defendant for possession of heroin with intent to distribute; arrested Wells for possession of heroin; and cited Wells for driving with a suspended license and failure to wear a seatbelt. In the search incident to the arrest, the officers recovered $230.00 in the defendant’s pocket. At the station the contraband tested positive for heroin (20.23 grams).
The record disclosed no errors patent.
In the first assignment of error, the defendant argues that the trial court erred by finding that the police officers had reasonable suspicion to stop the Ford F-150 truck under the pretense that the driver, Wells, was not wearing a seatbelt, when the surveillance video showed that he had it fastened. The defendant contends that the officers only observed the defendant conversing with a male in a white t-shirt and then with a male in black clothing. He asserts that although the officers claimed that the second male had passed the defendant a white napkin containing a substance, they could not tell that it contained illegal drugs. The defendant also points out that Officer Brown conceded on cross examination that the officers did not see the defendant exchange any money or taste the contents of the napkin.
. The State, on the other hand, argues that the officers had reasonable cause to stop the truck based on the suspected narcotics transaction they had observed on the surveillance video. In addition, the State argues that the officers had cause to | ¿conduct a valid traffic stop when Officer Brown observed the driver of the truck not wearing his seatbelt.
When evidence is seized 'without a warrant, the State bears the burden of proving that it was constitutionally seized. La.C.Cr.P. art. 703(D); State v. Wells, 2008-2262, p. 5 (La.7/6/10), 45 So.3d 577, 581. It is well-settled that “appellate courts review a trial court’s ruling under a deferential standard with regard to factual determinations, while legal findings are subject to a de novo standard of review.” Id. at p. 4, 45 So.3d at 580 (citations omitted). “ ‘[0]n mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo.’ ” State v. Anderson, 2006-1031, p. 2 (La.App. 4 Cir. 1/17/07), 949 So.2d 544, 546 (quoting State v. Pham, 2001-2199, p. 3 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218 (citation omitted)).
“The Fourth Amendment to the United States Constitution and La. Const. Art. I, § 5 guarantee citizens the right to be free from unreasonable searches and seizures.” State v. Gates, 2013-1422, p. 9 (La.5/7/14), 145 So.3d 288, 294. “Reasonable suspicion to stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual’s right to be free from governmental interference.” State v. Norals, 2010-0293, p. 4 (La.App. 4 Cir. 7/30/10), 44 So.3d 907, 910. ‘When an officer observes what he objectively believes to be a traffic offense, the decision to stop the vehicle is reasonable, regardless of the officer’s subjective motivation.” Id. at p. 5, 44 So.3d at 910 (citing Whren v. United States, 517 U.S. 806, 810, 813, 116 S.Ct, 1769, 1774, 135 L.Ed.2d 89 (1996)). In order to perform a lawful |fiinvestigatory stop, police officers must have reasonable suspicion that a particular *1064 person is committing, has committed, or is about to commit an offense prior to the seizure of that person. La.C.Cr.P. art. 215. Reasonable suspicion for an investigatory stop is something less than probable cause for an arrest. State v. Lampton, 2012-1547, pp. 4-5 (La.4/5/13), 110 So.3d 557, 560. A reviewing court should consider the totality of the circumstances, which includes: the defendant’s nervousness or attempt to-flee; the reputation of the area; the time of day and the lighting in the area; and the cumulative information available to the police officers as a result of their training and experience. See State v. Surtain, 2009-1835, pp. 8-11 (La.3/16/10), 31 So.3d 1037, 1044-45.
In this case, Officer Brown testified that he and Officer Frazier were in the security tower of the Fischer Housing Development, which had forty video cameras. The officers observed Wells drive up in an F-150 truck with the defendant in the passenger seat. Officer Brown said that he observed a male in a white t-shirt approach the defendant, have a very brief conversation, and then walk away. Then a male in black clothing approached the defendant on the passenger side and handed him a white object that looked like a napkin. From a second camera angle the officers observed the defendant unroll the white napkin, stick his fingers inside it, and then raise an off-white or brownish substance to his mouth, repeatedly, all while Wells looked around nervously. Wells then drove off in the truck. Although the trial court gave no reason for denying the motions to suppress, Officer Brown’s testimony supports a conclusion that the officers had reasonable cause to conduct an investigatory stop of the truck based on what they had observed on the video. Furthermore, Officer Brown’s testimony that he noticed Wells was not wearing his seatbelt as the officers followed the truck ^supports a conclusion that the officers had reason to conduct a valid traffic stop. Under these circumstances, we find the trial court did not abuse its discretion in denying the defendant’s motions to suppress the evidence and statement.
This first assignment of error lacks merit.
In the second assignment of error, the defendant argues the trial court erred in determining that the officers had probable cause to arrest him after they stopped the truck and saw the white napkin in plain view on the floorboard. The defendant argues that the napkin was not contraband and thus could not be seized pursuant to the plain view doctrine.
The State counters that the defendant did not have a reasonable expectation of privacy in the truck in which he was a passenger. The State further asserts that based on what the officers had observed on the surveillance video, Officer Frazier had reasonable suspicion that the white napkin contained contraband when he saw it in plain view on the floorboard and, therefore, legally seized it pursuant to the plain view exception to the warrant requirement.
In order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for an intrusion into a protected area; (2) in the course of which evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982) (citation omitted).
“ ‘Probable cause to arrest exists when the facts and circumstances known to the arresting officer, and of which he has reasonable and trustworthy *1065 information, are sufficient to justify a man of ordinary caution in the belief that the defendant has committed an offense.’ ” Surtain, 2009-1835, p. 7, 31 So.3d at 1043 (quoting State v. Parker, 2006-0053, p. 2 (La.6/16/06), 931 So.2d 353, 355). To test for probable cause one must consider the totality of the circumstances. State v. Fields, 2014-1493, p. 17 (La.App. 4 Cir. 10/8/14), 151 So.3d 756, 768.
Once the officers legally stopped the F-150 truck, Officer Frazier asked the defendant for his identification, and the defendant said that he had to exit the truck to reach into his pocket. When the defendant stepped out, Officer Frazier saw the white napkin on the floorboard. Officer Frazier knew from the surveillance video that the napkin was the same one that the defendant had received from the subject dressed in black. The officers had observed the defendant unroll the napkin which contained an off-white or brownish substance wrapped in clear plastic. They had observed the defendant place his fingers into a slit in the plastic, grab some of the substance, and raise it to his mouth, repeatedly, while Wells looked around nervously. Under these circumstances, where the trial court, who viewed the videotape, knew that the white napkin contained what appeared to be an illegal substance wrapped in clear plastic, the court was justified in concluding that Officer Frazier legally seized the napkin under the plain view exception to the warrant requirement. Officer Frazier had a prior justification for his presence, as they officers were conducting a valid traffic stop. During that stop, the defendant exited the truck to obtain his identification from his pocket, and Officer Frazier saw the white napkin which appeared to contain contraband.
Accordingly, for the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Willie Wells ("Wells''), a codefendant, was charged in Count 1 with possession of heroin. He pled guilty as charged, and received a sentence of four years at hard labor, suspended, with four years of active probation and special conditions.

. The trial court denied the motions to suppress the evidence and statements on April 18, 2013. The defendant sought review of that ruling by filing a writ application, which this court denied because he had an adequate remedy on appeal. See State v. Hall, unpub., 2013-0860 (La.App. 4 Cir. 7/2/13). The Supreme Court did not consider the defendant’s writ application because it was untimely. See State v. Hall, 2013-1883 (La.11/8/13), 125 So.3d 439.

. State v. Crosby, 338 So.2d 584 (La.1976), allows a defendant to enter a guilty plea, but reserve his or her right to appeal the denial of a motion to suppress the evidence.

. The trial court viewed the surveillance video during the hearing.